U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

SEP  2  2025

FILED

# Complaint

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF GEORGIA AUGUSTA DIVISION

NIKKI M. HARPER, Plaintiff, v. BARRETT FINANCIAL LLC, UNITED WHOLESALE MORTGAGE, MR. COOPER LOANS (Nationstar Mortgage LLC), LAKEVIEW LOAN SERVICING LLC, MARY YELTON REALTY, VANDERMORGAN REALTY, FINDLEY, EDENFIELD & GREEN, ALL-STAR HOME INSPECTIONS, HARDY APPRAISALS, KATHRYN 'KATIE' NIX FRENCH, STEPHEN L. SIKES, and additional defendants.

COMPLAINT Plaintiff brings this action for fraud, forgery, RESPA violations, wire fraud, negligence, breach of fiduciary duty, document suppression, VA loan fraud, and related claims. Factual allegations and detailed relief are contained in the full complaint draft.

CV125- 20³

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF GEORGIA

## AUGUSTA DIVISION

NIKKI HARPER,

*Plaintiff, Pro Se,*

v.

BARRETT FINANCIAL GROUP, LLC; UNITED WHOLESALE MORTGAGE; MR.
COOPER LOANS / NATIONSTAR MORTGAGE; MARY YELTON REALTY (including
MAX BOSWELL and ANNE MARIE KYZER); VANDERMORGAN REALTY (including
JUSTIN BOLIN and CHRISTINA SCHRODER); FINDLEY, EDENFIELD & GREEN,
LLC (including MARK GREEN and DANIELLE NEATH); ALL STAR HOME
INSPECTIONS, LLC (including CHUCK TOLBERT and DWAYNE [LNU]); HARDY
APPRAISALS (including CHRIS HARDY); KATHRYN "KATIE" NIX FRENCH;
STEPHEN L. SIKES; TINA THORNTON; and TREVOR BARRETT,

Defendants.

*Civil Action No. _____*

## COMPLAINT AND DEMAND FOR JURY TRIAL

## TABLE OF CONTENTS

Introduction .................................................................................................... 1

Jurisdiction and Venue ..................................................................................... 2

Parties .............................................................................................................. 3

Preliminary Statement and Pattern of Abuse ...................................................... 5

Factual Allegations ........................................................................................... 7

A. Loan Origination and E-Signature Fraud .................................................... 7

B. Inspection, Appraisal, Closing Irregularities .............................................. 11

C. Hidden Defects and HVAC Failure ............................................................. 14

D. Displacement, Health Crisis, and Family Harm ......................................... 18

E. Attempts to Obtain Counsel and Access to Justice .................................... 22

Causes of Action ............................................................................................. 24

Count I – Fraud and Fraudulent Misrepresentation ..................................... 24

Count II – Negligent Misrepresentation ...................................................... 26

Count III – Breach of Fiduciary Duty (Buyer's Agent/Broker) ...................... 27

Count IV – Negligence (Inspection, Appraisal, Closing) ............................... 29

Count V – Truth in Lending Act (TILA) ........................................................ 31

Count VI – Real Estate Settlement Procedures Act (RESPA) ....................... 33

Count VII – Fair Housing Act (FHA) – Interference/Retaliation ................... 35

Count VIII – Intentional Infliction of Emotional Distress ............................. 37

Count IX – Unjust Enrichment ....................................................................... 39

Count X – Breach of Contract & Implied Covenant ....................................... 40

Damages ............................................................................................................ 42

Prayer for Relief ............................................................................................... 44

Jury Demand ..................................................................................................... 46

Verification ....................................................................................................... 47

Exhibit Index .................................................................................................... 48

## I. INTRODUCTION

Plaintiff Nikki Harper ("Plaintiff") is a disabled United States Army veteran who exercised her VA home loan benefit to purchase a residence at 115 Carolyn Street, Sardis, Burke County, Georgia. The transaction was tainted from inception by a coordinated scheme involving lenders, real estate agents, closing professionals, an inspector, an appraiser, and the seller.

Defendants collectively misrepresented material facts, concealed known hazards, used irregular documentation including a dual-contract structure, and caused an amendment to be executed using Plaintiff's electronic signature without her knowledge or consent. These acts induced Plaintiff to close on an unaffordable and unsafe property.

Within months, the home's HVAC system failed (April 2024), summer interior temperatures reached approximately 86 degrees, and the property became uninhabitable. Plaintiff entered a cycle of displacement in 2024 and 2025—staying in Airbnbs and hotels, then forced back by cost and credit barriers. Utilities ballooned to over $1,500 in January and February 2025.

In June 2025, the compounding stress, toxic conditions, and grief culminated in an emergency room visit. Plaintiff's partner, Gordon, had passed in May 2025; her dog of fifteen years—a family companion—had died on January 5, 2024. Plaintiff's two adult sons were displaced; one relocated to Atlanta to live with extended family, and the other has slept on couches during temporary housing. Plaintiff's father, an Air Force veteran and amputee with serious medical conditions, has been burdened by the fallout.

Plaintiff now resides temporarily in Greenville, North Carolina, sleeping on her granddaughter's bed at the residence of her granddaughter's mother. A non-judicial foreclosure is scheduled on or about September 1, 2025. Plaintiff seeks rescission, compensatory and punitive damages, statutory remedies under TILA and RESPA, and injunctive relief halting foreclosure and correcting the record.

## II. JURISDICTION AND VENUE

This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, including the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq., and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 et seq.

The Court has diversity jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the parties are citizens of different states. The Court also has supplemental

jurisdiction under 28 U.S.C. § 1367 over related state-law claims of fraud, negligent misrepresentation, negligence, breach of fiduciary duty, breach of contract, and intentional infliction of emotional distress.

Venue is proper in the Southern District of Georgia, Augusta Division, under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District, and the subject property is located in Burke County, Georgia.

Personal jurisdiction is proper because Defendants purposefully availed themselves of conducting activities in Georgia or directed tortious conduct to Georgia, causing injury within this District.

## III. PARTIES

Plaintiff Nikki Harper is a disabled U.S. Army veteran and consumer borrower. At the time of closing (January 9, 2024), Plaintiff was relocating from North Carolina to Georgia and relied on Defendants' representations regarding a VA-compliant transaction and a habitable property.

Defendant Barrett Financial Group, LLC ("Barrett Financial") is an Arizona mortgage lender that originated Plaintiff's VA loan through loan originator Tina Thornton; Trevor Barrett is its principal. Barrett Financial and its agents engaged in unlicensed or irregular origination activities in Georgia.

Defendant United Wholesale Mortgage ("UWM") is a national wholesale lender that underwrote and acquired the loan despite obvious red flags regarding affordability and documentation integrity.

Defendant Mr. Cooper Loans / Nationstar Mortgage ("Mr. Cooper") is the current loan servicer that continued collection and foreclosure activity despite notice of fraud and uninhabitable conditions.

Defendant Mary Yelton Realty, including broker Max Boswell and agent Anne Marie Kyzer, acted as listing agents for the seller and concealed material property defects while rushing the transaction.

Defendant VanderMorgan Realty, including broker Justin Bolin and agent Christina Schroder, purported to act as Plaintiff's buyer's agent but breached fiduciary duties by limiting inspections, discouraging questions, and placing the transaction ahead of Plaintiff's safety.

Defendant Findley, Edenfield & Green, LLC, including closing attorney Mark Green and agent Danielle Neath, processed irregular paperwork, including dual contracts and a suppressed receipt, allowing the closing to proceed despite material defects and disputes.

Defendant All Star Home Inspections, LLC (owner Chuck Tolbert; inspector Dwayne [LNU]) conducted a substandard inspection that omitted mold and asbestos testing despite the age of the structure and failed to identify obvious hazards.

Defendant Hardy Appraisals (appraiser Chris Hardy) produced an appraisal that materially overstated value and failed to account for visible defects and system failures.

Defendant Kathryn "Katie" Nix French ("Seller") owned and sold the property while concealing known defects, including an HVAC system in need of full replacement.

Defendant Stephen L. Sikes (handyman/contractor) performed limited work at the Seller's direction and later admitted the system required full replacement.

Defendants Tina Thornton (loan originator) and Trevor Barrett (company principal) are individually liable for their roles in orchestrating and profiting from unlawful origination.

## IV. PRELIMINARY STATEMENT AND PATTERN OF ABUSE

This case exemplifies a pattern of abuse in which veterans using the VA home loan benefit are targeted with inflated approvals, suppressed debts, irregular documentation, and the sale of unsafe, aging housing stock.

Plaintiff's monthly income (about $3,700 at origination; currently about $3,800) and fixed obligations (car payment ~$600; insurance ~$300; mortgage ~$1,526; homeowner's insurance ~$300; credit card and personal loan payments; Military Star Card; cell phone) left insufficient residual income to safely qualify under VA standards. Defendants nevertheless forced the loan to closing.

After closing, undisclosed hazards surfaced, culminating in an HVAC collapse in April 2024. The property's energy inefficiency and structural openings drove 2024 power bills to $250+ monthly and spiked January–February 2025 bills to $1,500+ per month.

Plaintiff repeatedly fled the home during hot months, stayed in Airbnbs and hotels, bought two portable AC units (~$150 each), and faced displacement costs for food, travel, and clothing while living out of a suitcase and moving items into storage units ($58/month in Greenville, and ~$80–$100/month in Georgia).

Plaintiff diligently sought legal help for more than a year; Augusta attorneys quoted fees of $20,000 and up or refused these cases; Atlanta attorneys confirmed she had a case but said it was outside their expertise; legal aid said she did not qualify due to income from VA disability.

Plaintiff filed a police report in Burke County specifically alleging the unauthorized use of her electronic signature on a dual-contract amendment.

These facts reflect systemic predatory practices and a disregard for a disabled veteran's safety and legal rights.

## V. FACTUAL ALLEGATIONS

### A. Loan Origination and E-Signature Fraud

Plaintiff executed closing documents on or about January 9, 2024, while still in North Carolina. The transaction was represented as compliant with VA underwriting and Georgia law.

Barrett Financial, through Tina Thornton and under Trevor Barrett's oversight, initiated the loan with irregular documentation. An amendment later surfaced bearing Plaintiff's electronic signature—on a dual-contract structure—that Plaintiff never saw or approved.

In 2024, Plaintiff filed a police report in Burke County specifically reporting the unauthorized use of her electronic signature on that amendment. Plaintiff retains a copy of the report.

UWM underwrote/acquired the loan despite red flags in debt-to-income and residual income calculations. Mr. Cooper continued collection activity despite Plaintiff's fraud notices.

### B. Inspection, Appraisal, Closing Irregularities

All Star Home Inspections conducted an inspection that failed to test for mold or asbestos in a 1950s structure and omitted obvious risks in ventilation and electrical systems.

Hardy Appraisals issued an appraisal that overstated value and failed to account for visible deferred maintenance and a near-end-of-life HVAC system.

Findley, Edenfield & Green processed closing on dual paperwork; a receipt material to the transaction was suppressed; the closing proceeded despite irregularities and Plaintiff's concerns.

Listing agents (Mary Yelton Realty) and buyer's agent (VanderMorgan Realty) discouraged deeper diligence and pushed an accelerated closing timeline.

## C. Hidden Defects and HVAC Failure

In April 2024, the HVAC system failed completely. Contractor Stephen L. Sikes later confirmed the system required full replacement and stated that minimal work had been performed at the Seller's direction.

By May 2024, interior temperatures reached approximately 86 degrees and the presence of toxic fumes made the home uninhabitable. Plaintiff was forced to vacate.

Throughout 2024, power bills averaged $250+ per month; in January and February 2025, electricity charges exceeded $1,500 in each month, requiring outside assistance.

Plaintiff purchased two portable AC units (~$150 each) as a stopgap because the central system was unusable.

## D. Displacement, Health Crisis, and Family Harm

During the summers of 2024 and 2025, Plaintiff repeatedly left the property due to heat and unsafe conditions, staying in Airbnbs and hotels (including Econo Lodge charges of ~$135 for two nights and $60 for another night).

Because the fraudulent loan damaged Plaintiff's credit, she could not secure a standard rental and was repeatedly forced back to the unsafe property.

In May 2025, Plaintiff's partner, Gordon, passed away. In June 2025, Plaintiff required an emergency room visit due to the physical and psychological toll of displacement, toxic housing, and grief; the VA did not cover the ER bill due to timing of paperwork.

Plaintiff's two adult sons (ages 24 and 25) were also displaced: one relocated to Atlanta to live with Plaintiff's brother and father; the other slept on a couch during temporary arrangements.

Plaintiff's father—an Air Force veteran and amputee with Type II diabetes, multiple heart attacks, and a history of cancer (in remission)—was burdened with caretaking despite fragile health.

Plaintiff currently resides temporarily in Greenville, North Carolina, sleeping on her granddaughter's bed at the residence of her granddaughter's mother.

On January 5, 2024, Plaintiff's dog of fifteen years—a beloved family companion—died. When Plaintiff requested a brief delay of closing due to her loss, she was told she could not delay unless she paid a penalty, while the Seller was permitted to delay closing after the death of her grandfather without penalty.

### E. Attempts to Obtain Counsel and Access to Justice

For more than a year, Plaintiff diligently sought counsel in the CSRA, including Augusta. She was repeatedly told that firms' fees started at $20,000 and up, that they were not taking these cases, or that she had no case.

When Plaintiff expanded to metro Atlanta, several attorneys stated she did have a case but that it was not their area of expertise; referrals did not result in representation.

Legal aid informed Plaintiff that she did not qualify after she disclosed her income from VA disability benefits.

Plaintiff proceeds pro se out of necessity despite diligence and documentary proof, including the police report regarding the unauthorized electronic signature.

## VI. CAUSES OF ACTION

### COUNT I – FRAUD AND FRAUDULENT MISREPRESENTATION

Legal Standard: Under Georgia common law, fraud consists of a false representation or omission of a material fact, made knowingly with intent to induce reliance, justifiable reliance by the plaintiff, and damages proximately caused.

Defendants misrepresented loan qualification, VA compliance, and the habitability and value of the property, while concealing known defects including a failing HVAC system and structural/energy deficiencies.

An amendment on dual-contract paperwork was executed using Plaintiff's electronic signature without her knowledge or consent. Plaintiff filed a police report in Burke County documenting the e-signature fraud.

Agents steered and rushed closing; inspection and appraisal work product minimized or omitted hazards; the closing attorney processed irregular, dual paperwork; the Seller directed cosmetic fixes instead of repair.

Damages: Entry into an unaffordable, unsafe mortgage; costs for hotels/Airbnbs, utilities ($1,500+ for two months in 2025), storage, travel, food, clothing, two portable AC units; medical

expenses (ER visit, June 2025); emotional distress (PTSD/MST aggravation, grief); and imminent foreclosure. Punitive damages are warranted for willful misconduct.

## COUNT II – NEGLIGENT MISREPRESENTATION

Legal Standard: Negligent misrepresentation occurs when one, in the course of business, supplies false information without reasonable care, and others justifiably rely on that information to their detriment.

Inspection and appraisal reports failed to exercise reasonable care in identifying obvious hazards and system failures in a 1950s structure, conveying a false sense of safety and value.

Real estate agents and closing professionals repeated or adopted those inaccuracies and omissions.

Damages: Same categories of damages as above, including out-of-pocket losses and emotional distress, proximately caused by reliance on inaccurate information.

## COUNT III – BREACH OF FIDUCIARY DUTY (BUYER'S AGENT/BROKER)

Legal Standard: A buyer's agent owes duties of loyalty, candor, disclosure, and reasonable care. Breach occurs when the agent places personal or transactional interests above the client's interests or conceals material facts.

Plaintiff's buyer's agent and supervising broker discouraged full inspections, minimized concerns, and advanced closing despite unresolved hazards and documentation irregularities.

They failed to act solely in Plaintiff's interest and failed to disclose conflicts and material information.

Damages: Economic losses related to the unsafe property and financial fallout; emotional distress; and entitlement to punitive damages where breaches were knowing or reckless.

### COUNT IV – NEGLIGENCE (INSPECTION, APPRAISAL, CLOSING)

Legal Standard: Negligence requires duty, breach, causation, and damages. Professionals owe a duty of reasonable care to foreseeable plaintiffs who rely on their work product or services.

The inspector failed to test or flag key hazards in an aging home; the appraiser ignored visible defects; the closing attorney processed irregular paperwork despite red flags.

Each breach foreseeably caused Plaintiff to purchase an unsafe, overvalued property and to suffer ensuing losses.

Damages: Out-of-pocket losses (utilities, hotels/Airbnbs, storage, travel, food, clothing, ER visit, AC purchases), lost use, and emotional harm.

### COUNT V – TRUTH IN LENDING ACT (TILA)

Legal Standard: TILA requires accurate, clear disclosures of material credit terms and authorizes damages and, in certain cases, rescission. Servicers must correct errors and reasonably address disputes.

Lenders failed to provide accurate and complete disclosures and relied on irregular documentation, including an unauthorized e-signature amendment.

Servicing failed to reasonably address disputes and continued harmful collection and foreclosure activity.

Damages: Statutory damages, actual damages, fees and costs, and appropriate equitable relief including rescission or reformation.

## COUNT VI – REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA)

Legal Standard: RESPA regulates settlement services and imposes duties to investigate and respond to borrower disputes and qualified written requests; it prohibits certain unearned fees and abusive practices.

Defendants failed to properly investigate Plaintiff's servicing disputes and fraud notices and persisted in harmful activities notwithstanding clear red flags.

Settlement practices generated or retained unearned fees tied to a fraudulent transaction.

Damages: Statutory damages, actual damages, attorney's fees and costs, and equitable remedies to remedy servicing abuses.

## COUNT VII – FAIR HOUSING ACT (FHA) – INTERFERENCE/RETALIATION

Legal Standard: The Fair Housing Act prohibits discrimination and interference with housing rights and protects persons who complain about unsafe or discriminatory practices from coercion, intimidation, or retaliation.

Plaintiff, a disabled African American veteran, faced intimidation and interference when she raised safety and fraud concerns in connection with purchasing and occupying the dwelling.

Defendants' conduct denied Plaintiff full and equal enjoyment of a dwelling and access to fair housing processes.

Damages: Compensatory and punitive damages, injunctive relief, and attorney's fees and costs under the Act.

## COUNT VIII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Legal Standard: Intentional infliction of emotional distress requires extreme and outrageous conduct undertaken intentionally or recklessly that causes severe emotional distress.

Knowingly pushing a disabled veteran into an unsafe home through fraud, concealing hazards, ignoring health risks, and initiating foreclosure despite notice of harm is extreme and outrageous.

Plaintiff's ER visit, PTSD/MST aggravation, repeated displacement, family separation, and compounded grief evidence severe distress.

Damages: Non-economic damages for severe emotional distress and punitive damages for willful or reckless misconduct.

## COUNT IX – UNJUST ENRICHMENT

Legal Standard: Unjust enrichment applies where a defendant has been conferred a benefit under circumstances that make it unjust to retain without compensating the plaintiff.

Defendants obtained commissions, fees, premiums, and payments from a transaction procured by fraud and statutory violations.

Equity requires restitution and disgorgement of ill-gotten gains.

Damages: Restitution of monies paid and disgorgement of unearned fees and profits tied to the fraudulent transaction.

## COUNT X – BREACH OF CONTRACT AND IMPLIED COVENANT

Legal Standard: Contracts carry an implied covenant of good faith and fair dealing. Breach occurs when a party, though not breaching an express term, subverts the other party's right to the benefits of the agreement.

Defendants frustrated Plaintiff's contractual rights by concealing material facts, processing irregular paperwork, and denying the basic benefit of a habitable home and compliant financing.

The dual-contract structure and unauthorized e-signature amendment subverted Plaintiff's assent and contractual expectations.

Damages: Compensatory damages, rescission or reformation, and equitable relief restoring Plaintiff to the position she would have occupied but for the breach.

## VII. DAMAGES

Economic Losses: fraudulent loan principal subject to rescission ($160,000); mortgage and insurance payments (~$300/month homeowner's insurance); utilities (2024: $250+ monthly; Jan–Feb 2025: $1,500+ monthly for two months); hotel and Airbnb stays; travel; food; clothing; storage units ($58/month Greenville; ~$80–$100/month Georgia); portable AC units (~$300 total).

Medical: emergency room visit (June 2025) and related care not covered by VA due to processing timing.

Non-Economic: emotional distress, including aggravation of PTSD and MST symptoms; grief from the loss of Plaintiff's partner (May 2025) and the death of her dog/family companion (January 5, 2024); humiliation and loss of dignity from displacement and family separation.

Punitive: Defendants acted willfully, wantonly, and with reckless disregard for Plaintiff's rights, warranting punitive damages to punish and deter similar conduct.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against all Defendants, jointly and severally, and award the following relief:

1. Rescission of the VA loan and cancellation of obligations arising from the fraudulent transaction;

2. Compensatory damages for economic losses and medical expenses;

3. Non-economic damages for emotional distress;

4. Statutory damages, attorney's fees, and costs under TILA and RESPA;

5. Punitive damages sufficient to punish and deter;

6. Injunctive relief halting foreclosure, eviction, or adverse credit reporting related to the subject loan;

7. Equitable relief including restitution, disgorgement, reformation, and correction of records;

8. Such other and further relief as the Court deems just and proper.

## IX. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


## X. VERIFICATION

I, Nikki Harper, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on _____9/2_____, 2025, at Greenville, North Carolina.

*Nikki M. Harper*

Nikki Harper, Plaintiff, Pro Se

[Mailing Address] 637 Toyota DR
Ayden, NC 28513

[Phone] | [Email] 762-622-0511

## EXHIBIT INDEX

Exhibit A – Timeline of Events and Harm (with supporting documents A1–A8, including closing docs, utilities, HVAC records, hotel/Airbnb receipts, ER paperwork, photos of temporary housing).

Exhibit B – Financial Damages Summary (insurance, utilities, hotels/Airbnbs, storage, travel, food, clothing, AC purchases).

Exhibit C – Housing Displacement & Survival Costs (detailed receipts and bank statements).

Exhibit D – Photographs of Property Defects (mold, structural openings, HVAC failure, unsafe conditions) with dated captions.

Exhibit E – Police Report (Burke County) re: unauthorized electronic signature on dual-contract amendment.

Exhibit F – Servicing Disputes/Correspondence (emails, QWRs, notices of error, and responses).

Exhibit G – Storage Contracts and Receipts (Greenville $58/month; Georgia ~$80–$100/month).

## EXHIBIT A

## Timeline of Events and Harm (Updated)

Jan 5, 2024: Death of Plaintiff's dog of 15 years (family companion). Plaintiff requested brief delay of closing, was told no unless she paid. Seller was allowed delay after grandfather's death.

Jan 9, 2024: Closing on home at 115 Carolyn Street, Sardis, GA. Dual contracts and amendment executed with unauthorized electronic signature.

Spring 2024: Repeated attempts to obtain counsel in Augusta rejected; fees quoted at $20,000+.

Apr 2024: HVAC system failed completely; interior temps ~86°, toxic fumes. Contractor confirmed replacement needed.

Summer 2024: Plaintiff repeatedly left home due to heat; stayed at Airbnbs. Returned due to costs/credit barriers.

Jan–Feb 2025: Electric bills exceeded $1,500/month due to structural inefficiencies and HVAC failure.

May 2025: Plaintiff's partner, Gordon, passed away.

Jun 2025: Plaintiff required emergency room visit due to stress, toxic housing, and grief. VA did not cover ER bill.

Summer 2025: Stayed in hotels (Econo Lodge $135 for two nights; $60 for another night). Continued displacement in Greenville, NC.

Sep 1, 2025 (anticipated): Non-judicial foreclosure scheduled.

Ongoing: Throughout 2024 and 2025, Plaintiff repeatedly attempted to contact Defendants, including through phone calls and text messages, to address fraud and defects. Most Defendants ignored her. The only response came from Defendant Max Boswell, who provided a seller's copy of the contract.

## EXHIBIT B

### Financial Damages Summary (Updated)

Mortgage Payments: $1,526/month (approx., through 2024–2025)

Homeowner's Insurance: $300/month

Utilities – 2024: $250+ per month average

Utilities – Jan–Feb 2025: $1,500+ each month

HVAC Work/Stopgap: Two portable AC units at ~$150 each

Hotels/Airbnbs: Econo Lodge $135 (2 nights), $60 (1 night); multiple Airbnbs in 2024 and 2025 (various costs)

Storage – Greenville: $58/month

Storage – Georgia: $80–$100/month

Travel & Food: Ongoing, displaced living costs

Medical – ER Visit (June 2025): Bill not covered by VA (amount TBD)

Communications Attempts: Numerous calls and text messages were made to Defendants regarding fraud, defects, and resolution. These efforts went unanswered except for one response from Defendant Max Boswell, who produced the seller's copy of the contract.

**EXHIBIT C**

**Housing Displacement & Survival Costs (Updated)**

Food: Additional expenses due to displacement, no kitchen access

Clothing: Purchases due to living out of suitcase

Travel: Trips between GA and NC; relocation for children

Furniture/Household: Items in storage; loss of use of household goods

Communications Attempts: During periods of displacement, Plaintiff consistently attempted to reach Defendants by phone and text message for help. These attempts were ignored, adding to her distress and forcing her to handle survival costs alone.

**EXHIBIT D**

**Photographs of Property Defects (Updated)**

This exhibit consists of photographic evidence taken by Plaintiff in 2024 and 2025 documenting the unsafe, defective, and uninhabitable conditions of the subject property at 115 Carolyn Street, Sardis, GA. The photographs demonstrate visible defects including:

1. Mold growth and water intrusion.

2. Structural openings and gaps contributing to high utility bills.

3. HVAC system failure and equipment deterioration (April 2024).

4. Unsafe electrical outlets and wiring.

5. General disrepair inconsistent with inspection and appraisal reports.

6. Dishwasher and plumbing defect: dishwasher never worked properly, water backed up into sink, left standing foul-smelling water, and contributed to floor damage.

Each photograph is dated and labeled. Plaintiff will submit the actual printed photographs or digital copies attached to this exhibit at the time of filing.

**EXHIBIT E**

**Police Report – Burke County Sheriff's Office (Updated)**

This exhibit is a true and correct copy of the police report filed by Plaintiff in Burke County, Georgia, in 2024. The report documents Plaintiff's allegation of fraud through the unauthorized use of her electronic signature on a dual-contract amendment to the real estate purchase agreement. Plaintiff has retained a copy of the report.

In addition, Plaintiff retains paperwork from an insurance claim filed regarding floor damage caused by the defective dishwasher. The dishwasher failed to operate properly from the outset, allowing water to back up into the sink and then into the dishwasher, leaving foul-smelling standing water and damaging the flooring. Plaintiff attempted to pursue this claim with the insurance company, but the defect was never addressed because it had been concealed at the time of inspection.

The original police report and the insurance claim paperwork will be attached hereto as Exhibit E for the Court's review.

## Supplemental Statement of Facts

*New Information Discovered by Client*

Due to the client's PTSD and the overwhelming nature of this case, key facts and documentation are sometimes recalled or located at different times. The client is handling this matter entirely alone without legal representation at this stage and respectfully submits the following new information for the court's consideration, to be added as part of the ongoing record of harm, misconduct, and legal violations.

### Barrett Financial Group – Continued RESPA Violations and Non-Compliance

The client previously submitted a formal Qualified Written Request (QWR) to Barrett Financial Group requesting the full original loan origination documents related to the VA-backed home loan. This request was made in good faith prior to the filing of any lawsuits or demand for compensation. Despite having ample time to comply, Barrett Financial failed to provide any of the requested documentation.

Subsequently, the client also filed a formal complaint with the Consumer Financial Protection Bureau (CFPB) against Barrett Financial. Barrett responded to the CFPB inquiry but still did not provide the required documents, including the loan application, disclosure forms, or closing communications. This demonstrates a continued and deliberate violation of the Real Estate Settlement Procedures Act (RESPA), specifically under 12 U.S.C. § 2605(e).

This pattern of document suppression and non-compliance with federal law is now being submitted for the record as an additional violation by Barrett Financial Group to support claims of fraud, misconduct, and statutory harm.

# AMENDMENT TO ADDRESS CONCERNS WITH PROPERTY AMENDMENT # 1

VANDERMORGAN

[TO BE USED ONLY IF CONTRACT IS SUBJECT TO A DUE DILIGENCE PERIOD]

*Georgia*

Date: _____ December 13, 2023

2023 Printing

Whereas, the undersigned parties have entered into a certain Agreement between Nikki M. Harper _____

_____ , Buyer , and Kathryn A. Nix _____ , Seller , with a

Binding Agreement Date of **December 6, 2023** for the purchase and sale of real property located at

**115 Carolyn St** Sardis Georgia 30456 , Agreement ,

Whereas, the undersigned parties desire to amend the aforementioned Agreement. It being to the mutual benefit of all parties to do so. This Amendment shall become effective on the date when the party who has accepted the Amendment delivers notice of that acceptance to the party who proposed the Amendment in accordance with the Notice section of the Agreement.

This Amendment is intended to set forth the agreement of the parties relative to concerns raised by Buyer during the Due Diligence Period. If this Amendment does not become effective during the Due Diligence Period, it shall become null and void and of no legal force and effect.

In consideration of Seller agreeing to address certain concerns of Buyer with Property, all parties agree that if this Amendment is signed by Buyer and Seller and delivered to both parties, the remainder of Buyer's Due Diligence Period, □ shall OR ☒ shall not terminate.

Now, therefore, for and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree to modify and amend the Agreement to address the following concerns existing with the Property and for such other purposes as are set forth below:

[The following language is furnished by the parties and is particular to this transaction]
* COPY OF REPORT TO BE PROVIDED TO SELLER/ LISTING AGENT**
1. AS PER PG 5 OF 25. LINE ITEM D. SELLER TO INSTALL WIRES INTO JUNCTION BOXES AS THIS IS A FIRE HAZARD.
2. AS PER PG 6 OF 25. LINE ITEM G. SELLER TO HAVE WEATHER STRIPPING INSTALLED ON BACK DOOR.
~~3. AS PER PG 7 OF 25, LINE ITEM D. SELLER TO HAVE FIREPLACE INSPECTED/ CLEANED BY A LICENSED CHIMNEY SWEEP AS RECOMMENDED BY HOME INSPECTOR OR PROVIDE INVOICE OF SERVICE WITHIN THE LAST 30 DAYS.~~ chimney was capped when seller had roofing replaced. 
4. AS PER PG 8 OF 25. LINE ITEM J. #2. SELLER TO HAVE CRAWL SPACE CLEARED OF ALL DEBRIS/ TRASH.
5. AS PER PG 11/12 OF 25. LINE ITEM A/B
. SELLER TO HAVE HVAC INSPECTED AND CLEANED WITH FILTERS REPLACED AS PER RECOMMENDATION OR PROVIDE CURRENT INVOICE WITHIN 30 DAYS.
6. AS PER PG 14/15 OF 25. LINE ITEM C. SELLER TO HAVE WIRE SPLICES CORRECTED BY LICENSED PLUMBER ON WATER HEATER AS INDICATED BY HOME INSPECTOR REPORT.
**7. AMENDMENT SUBJECT TO SEPTIC INSPECTION REPORT AS A "PASS" INSPECTION.

** SELLER TO PROVIDE CURRENT INVOICES OF REPAIRS NO LATER THAN 5 DAYS PRIOR TO CLOSING ON OR BEFORE JANUARY 5, 2024.

THIS FORM IS COPYRIGHTED AND MAY ONLY BE USED IN REAL ESTATE TRANSACTIONS IN WHICH Justin Bolin IS INVOLVED AS A REAL ESTATE LICENSEE. UNAUTHORIZED USE OF THE FORM MAY RESULT IN LEGAL SANCTIONS BEING BROUGHT AGAINST THE USER AND SHOULD BE REPORTED TO THE GEORGIA ASSOCIATION OF REALTORS® AT (770) 451-1831.
Copyright© 2023 by Georgia Association of REALTORS®, Inc.         F704, Amendment to Address Concerns with Property, Page 1 of 2, 01/01/23

VanderMorgan Realty, 3401 Washington Road Martinez GA 30907          Phone: (706)564-1847      Fax: (706)561-1749          Nikki Harper
Justin Bolin

Additional pages (F801) are attached.

It is agreed by the parties hereto that all of the other terms and conditions of the aforementioned Agreement shall remain in full force and effect other than as modified herein. Upon execution by all parties, this Amendment shall be attached to and form a part of said Agreement.

**By signing this Amendment, Buyer and Seller acknowledge that they have each read and understood this Amendment and agree to its terms.**

Nikki M. Harper                          12/13/2023
1 Buyer's Signature
Nikki M. Harper

1 Seller's Signature
Kathryn A. Nix

2 Buyer's Signature

2 Seller's Signature

☐ Additional Signature Page (F267) is attached.          ☐ Additional Signature Page (F267) is attached.

VANDERMORGAN REALTY/Christina Schroder          Mary Yelton Realty LLC
Buyer Brokerage Firm          Seller Brokerage Firm

Christina Schroder                          12/13/2023          Anne Marie Kyzer
Broker/Affiliated Licensee Signature          Broker/Affiliated Licensee Signature
Christina Schroder

GAAR          RGA
REALTOR® Membership          REALTOR® Membership

**Acceptance Date.** The above Amendment is hereby accepted. _____ o'clock _____ m. on the date of _____ ("Acceptance Date"). This Amendment will become binding upon the parties when notice of the acceptance of the Amendment has been received by offeror. The offeror shall promptly notify offeree when acceptance has been received.

Copyright© 2023 by Georgia Association of REALTORS®, Inc.          F704, Amendment to Address Concerns with Property, Page 2 of 2, 01/01/23

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St. Suite 2200, Dallas, TX 75201     www.lwolf.com

**BURKE CO SO MISC INCIDENT REPORT**
**Public Copy**

A0170000

Case # | 202447320

### EVENT

| INCIDENT TYPE | | COUNTS | INCIDENT CODE | PREMISE TYPE |
|---|---|---|---|---|
| UNASSIGNED1452 - CIVIL MATTER | | 1 | 7399 | 8 | ALL OTHER |

| INCIDENT LOCATION | LOCATION NAME | LOC CODE | WEAPON TYPE |
|---|---|---|---|
| 225 HIGHWAY 24 SOUTH, WAYNESBORO, GA 30830 | | ZONE 3 | |

| INCIDENT DATE | INCIDENT TIME | DATE | TIME | STRANGER TO STRANGER |
|---|---|---|---|---|
| 08/09/2024 | 14:45 TO | 08/09/2024 | 15:00 | YES □ NO X UNK □ |

### VICTIM

| COMPLAINANT | ADDRESS | PHONE NUMBER |
|---|---|---|
| HARPER, NIKKI MCLAWHORN | WAYNESBORO, GA 30830 | PUBLIC COPY |

| VICTIMS NAME | RACE | SEX | AGE | DOB | RESIDENCE PHONE | BUSINESS PHONE |
|---|---|---|---|---|---|---|
| | | | | | PUBLIC COPY | PUBLIC COPY |

| ADDRESS | CENSUS TRACT | EMPLOYER OR OCCUPATION |
|---|---|---|
| | | |

STUDENT ?    YES □    NO X    IF YES, NAME VICTIM'S SCHOOL .

### NARRATIVE

On Friday, August 9, 2024, at approximately 1445 hours, Nikki Harper came to the sheriff's office front lobby to file a report. Harper stated that approximately 2-3 months ago, she moved into her residence located at 115 Caroline Street in Sardis, GA.

Harper reported that after moving in, she discovered multiple issues with the property that were not disclosed in her buying contract. Specifically, she mentioned that she did not agree to purchase a home with a capped fireplace, which she is unable to use due to this issue.

Harper further stated that when she raised these concerns with her realtor(Mary Yelton Reality), she received copies of the buying agreement papers showing changes made by the seller(Katherine NIX). Harper alleges that the seller(Katherine NIX) made these changes and used a copy of her electronic signature without her consent.

Harper presented copies of her original document as well as the seller's version, which was sent to the realtor (Mary Yelton Reality). Harper requested that a report be filed for legal documentation purposes.

The property agreement amendment documents from both the seller and Harper have been uploaded to the report.

| REPORTING OFFICER | NUMBER | APPROVING OFFICER | NUMBER | ASSIGNED INVESTIGATOR | NUMBER |
|---|---|---|---|---|---|
| HODGE, MICHAEL | CAR11 | HODGE, MICHAEL | CAR11 | | |

Synergistic Software Inc . Copyright 2009

*Never received this invoice/receipt*

**Steven L Sikes**
P.O. Box 114
Sardis, GA 30456
7065512555

516277

*Not Invoice*
*No Date*

## Invoice

| SOLD TO | Katie Nix | SHIP TO | HVAC | CR 109828 |
|---|---|---|---|---|
| ADDRESS | 115 Carolyn St | ADDRESS | ELEC | EN 212647 |
| CITY, STATE, ZIP | Sardis GA 30456 | CITY, STATE, ZIP | | |

| CUSTOMER ORDER NO. | SOLD BY | TERMS | F.O.B. | DATE |
|---|---|---|---|---|
| | | | | |

| ORDERED | SHIPPED | DESCRIPTION | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|---|
| | | Service AC /V system | | | 125 00 |
| | | Install Junction Boxes | | | 350 00 |
| | | Inspect Elec | | | |
| | | | | | $ 475 00 |

Thank You!

# NIKKI M. HARPER

Pro Se Plaintiff
Mailing Address: 637 Toyota Dr, Ayden, NC [ZIP]
Email: HarperNikki969@gmail.com | Phone: 762-622-0511


Clerk of Court
U.S. District Court – Southern District of Georgia
Augusta Division
James Brown Federal Courthouse
600 James Brown Blvd.
Augusta, GA 30901

# RE: Filing of Federal Complaint and Emergency Motion for TRO


Dear Clerk of Court,

Enclosed please find the following documents for filing in the United States District Court for the Southern District of Georgia, Augusta Division:

1. Civil Cover Sheet (JS-44)
2. Complaint
3. Application to Proceed In Forma Pauperis (IFP)
4. Emergency Motion for Temporary Restraining Order and Preliminary Injunction
5. Proposed TRO Order
6. Summons Forms (AO 440) for all named defendants

This is an emergency filing because a foreclosure sale of Plaintiff's home at 115 Carolyn Street, Sardis, GA is scheduled for October 7, 2025. Plaintiff respectfully requests that the Emergency Motion for TRO be immediately presented to a Judge for consideration.

Please file-stamp the enclosed copies and return a stamped copy to me for my records.

Thank you for your assistance.


Respectfully submitted,

/s/ Nikki M. Harper
Pro Se Plaintiff