IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

NIKKI M. HARPER,               )
                               )
          Plaintiff,           )
                               )
     v.                        )        CV 125-203
                               )
BARRETT FINANCIAL LLC, et al., )
                               )
          Defendants.          )
_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff commenced the above-captioned case *pro se* and requested permission to proceed *in forma pauperis* ("IFP").  (Doc. no. 2.)  Upon review of the original IFP motion, the Court determined there was insufficient information to determine whether Plaintiff should be allowed to proceed IFP.  (See doc. no. 4.)  Thus, on September 3, 2025, the Court denied Plaintiff the original motion without prejudice and directed her to submit a new IFP motion within twenty-one days and warned Plaintiff if she did not timely submit a new motion or pay the $405 filing fee, she risked dismissal of the case.  (See id. at 2.)  Plaintiff's renewed IFP motion is now before the Court for review.  (Doc. no. 5.)

In her renewed motion attested to as true under penalty of perjury, Plaintiff reports in the last twelve months, in addition to her $3,800 monthly disability benefits, she has also received an average of $150 per month in gifts.  (Id. at 1-2.)  Plaintiff values her home at $164,000, and drives a 2024 Buick Encore valued at approximately $25,000.  (Id. at 3.)  Although Plaintiff lists a monthly rent or mortgage payment in the amount of approximately

$1,525 - apparently related to the subject of this lawsuit - she also reports currently living with her parents.  (Id. at 4, 6.)  Moreover, Plaintiff reports sufficient funds to travel to meet with attorneys and to file court documents rather than using the telephone, internet, and U.S. mail. (Id. at 6.)  Plaintiff also reports sufficient funds to support an adult son who otherwise supports himself with contracting work and is expected to resume that work as of the end of September. (Id.)  While the Court appreciates the financial hardships brought on by a foreclosure and its attendant expenses, given Plaintiff's family support system and steady stream of monthly income of nearly $4,000 per month, it appears Plaintiff has the ability to pay the $405 filing fee.

Leave to proceed IFP is discretionary with the Court, and that discretion is to be exercised so as not to deny a party access to the courts solely on account of financial standing. See Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Although poverty sufficient to qualify under 28 U.S.C. § 1915 does not require penniless destitution, proceeding IFP is a *privilege*, not a right.  See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 (1993).  Indeed, "courts should grant the privilege 'sparingly' in civil cases for damages."  Thomas v. Sec'y of Dep't of Veterans Affs., 358 F. App'x 115, 116 (11th Cir. 2009) (*per curiam*) (citation omitted).

Here, having considered the financial information in the record, including receiving nearly $4,000 per month in income, driving a car with a nearly $600 monthly payment, and parents who provide housing, the Court **REPORTS** and **RECOMMENDS** Plaintiff's renewed motion to proceed IFP be **DENIED**, (doc. no. 5), and Plaintiff be **DIRECTED** to pay the full filing fee if she intends to pursue her case.  Should the District Judge adopt this recommendation and Plaintiff fail to pay the filing fee within twenty-one days after that final action, the case

should be **DISMISSED** without prejudice and **CLOSED**.  Of course, Plaintiff may choose to pay the $405 filing fee now, and the case will proceed without further delay.

SO REPORTED and RECOMMENDED this 6th day of October, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA