IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| NIKKI M. HARPER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 125-203 |
| BARRETT FINANCIAL LLC, et al., | ) ) ) | |
| Defendants. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 8.) In this case naming twenty-two Defendants in connection with Plaintiff's purchase of a home in Burke County, Georgia, using a Veterans Affairs Home Loan, the Magistrate Judge reviewed financial information showing Plaintiff had a steady stream of income of nearly $4,000 per month and recommended denying Plaintiff's renewed motion to proceed *in forma pauperis* ("IFP"). (See doc. nos. 1, 5, 6.) Plaintiff objects, arguing the recommendation "relies on incomplete and outdated information," and Plaintiff offers "the corrected facts about [her] income, expenses, caregiving responsibilities, vehicle financing, and the ongoing hardship directly caused by the unsafe home and the fraudulent loan/servicing at issue." (Doc. no. 8.)

The Court has discretion to consider new arguments raised for the first time in an objection to a Report and Recommendation but is under no obligation to do so. See Frone v. JP Morgan Chase & Co., 695 F. App'x 468, 472 (11th Cir. 2017) (*per curiam*) (concluding

district judge has broad discretion to refuse to consider argument not presented to magistrate judge); Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) (same). Here, the Court declines to consider Plaintiff's new arguments, as this amounts to her third IFP motion. The record reveals Plaintiff's first IFP motion submitted when she commenced the case on September 2, 2025, contained no financial information, promising instead to provide details about income and expenses at some unspecified time. (See doc. no. 2.) In directing Plaintiff to provide a new IFP motion, the Magistrate Judge instructed Plaintiff "to provide the Court with current, accurate, and complete financial information," and described the financial details Plaintiff must provide in her renewed motion. (Doc. no. 4, p. 2.) Plaintiff's renewed motion was submitted on the form provided by the Clerk of Court and included two additional, typed pages of narrative. (See doc. no. 5.)

The Magistrate Judge analyzed the information presented and concluded Plaintiff's nearly $4,000 per month income was sufficient to pay the filing fee. (Doc. no. 6.) Having had two prior opportunities to present a clear and complete picture of her finances, Plaintiff now seeks to change the numbers again and submit affidavits from family members in support of her new presentation. (See generally doc. no. 8.) Plaintiff has had ample opportunity to file an IFP motion with complete and accurate financial information. Plaintiff should have paid the filing fee or submitted an appropriate IFP motion when she commenced the case nearly two months ago, and she is not entitled to "wait to see which way the wind was blowing, and -having received an unfavorable recommendation- shift gears before the district judge." Williams, 557 F.3d at 1292 (citation omitted). The Court therefore declines to consider Plaintiff's new financial arguments.

In any event, Plaintiff's objections confirm she receives at least $3,805.05 in monthly VA benefits, and she offers nothing in response to the other points raised by the Magistrate Judge, including her choice to use funds to travel to meet with attorneys and file court documents rather than using the telephone, internet, and U.S. mail, and her choice to support an adult son at the time she commenced this case. The objections are unavailing.

Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion and **DENIES** Plaintiff's renewed motion to proceed IFP. (Doc. no. 5.) In accordance with Local Rule 4.2, Plaintiff shall have twenty-one calendar days from the date of service of this Order to pay the $405.00 filing fee. Should Plaintiff fail to make timely payment, the Court **DIRECTS** the **CLERK** to dismiss the case without prejudice and close this civil action on the twenty-fifth day after the date of service of this Order that the Clerk of Court is open for business.[1] Of course, should Plaintiff pay the $405.00 filing fee, the case will proceed in the normal course of business. Should Plaintiff not pay the $405.00 but file any other motion prior to the filing fee deadline, the Clerk shall take no action with respect to dismissing the case until further Order of the Court.

SO ORDERED this 5th day of November, 2025, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] In accordance with Federal Rule of Civil Procedure 6(d), three days are added to the deadline because the Clerk of Court serves *pro se* Plaintiff by United States mail. Therefore, the twenty-one-day deadline becomes a twenty-four day-deadline. If the deadline falls on a Saturday, Sunday, or legal holiday, the deadline moves to the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).