IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

NIKKI M. HARPER,

    Plaintiff,

v.

BARRETT FINANCIAL LLC, et al.,

    Defendants.

CV 125-203

# ORDER

Before the Court is Plaintiff's motion for a temporary restraining order, or, in the alternative, a preliminary injunction. (Doc. 3.) Plaintiff challenges an alleged foreclosure on her home because the sale would "unlawfully deprive her of her property interest" while claims of "fraud, forgery, deed irregularity, and federal law violations remain unresolved." (Id. at 1.) After reviewing Plaintiff's request, the Court **DENIES** Plaintiff's motion.

## I. BACKGROUND

Plaintiff filed her complaint and an emergency motion for a temporary restraining order on September 2, 2025. (Docs. 1, 3.) She seeks to prevent the foreclosure sale of her residence at 115 Carolyn Street, Sardis, Georgia 30456 (the "Residence"), which was scheduled to take place on October 7, 2025. (Doc. 3, at 1.) Her

complaint provides she is an Army veteran who used her Department of Veterans Affairs ("VA") home loan benefit to purchase the Residence in January 2024. (Doc. 1, at 4, 9.) Further, Plaintiff alleges Defendants collectively misrepresented facts, concealed hazards, used irregular documentation, and engaged in forgery during the buying process. (Id. at 4.) "These acts induced Plaintiff to close on an unaffordable and unsafe property." (Id.)

Plaintiff's first motion for leave to proceed *in forma pauperis* ("IFP") was denied on September 3, 2025. (Doc. 4.) She filed a second motion to proceed IFP (Doc. 5), which was denied in accordance with the Magistrate Judge's Report and Recommendation ("R&R") on November 5, 2025. (Doc. 9.) Plaintiff paid the required filing fee on November 25, 2025; thus, her motion is now ripe for review. As of the date of this Order, Plaintiff has not updated the Court on the foreclosure status and summons were issued as to all Defendants on January 20, 2026.

## II. LEGAL STANDARD

Under Rule 65(b), a court may issue a temporary restraining order ("TRO") without written or oral notice to the adverse party or its attorney only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65.

2

Granting a TRO or preliminary injunction is only proper if the moving party establishes the following four elements:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

Schmitt v. Reimer, No. 1:10-cv-102, 2010 WL 3585187, at *1 (S.D. Ga. Sept. 14, 2010).

"Both temporary restraining orders and preliminary injunctions are extraordinary remedies that are 'not to be granted unless the movant clearly establishes the burden of persuasion as to each of the four prerequisites.'" Id. (quoting Redford v. Gwinnett Jud. Cir., 350 F. App'x. 341, 345 (11th Cir. 2009)); see also United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983) ("The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites."). The grant or denial of a preliminary injunction is a matter within the discretion of the district court. Jefferson Cnty., 720 F.2d at 1519.

### III. DISCUSSION

Given the foreclosure sale was set to occur on October 7, 2025, and that date has passed, this issue may now be moot.

3

However, because the status of the foreclosure is unknown, the Court will analyze the motion on the merits.

Plaintiff's motion for TRO provides conclusory statements on each element without showing evidence or details to support her claims. (See Doc. 3.) Plaintiff provides no information to show a likelihood of success on the merits. She relies on her assertion that she has "evidence of fraud, forgery, RESPA violations, dual contracts, forged signatures, undisclosed deed irregularities, falsified inspection reports, and fraudulent loan servicing transfers" to support that she has shown a likelihood of success. (Id. at 1.) This contention alone, without additional evidence, cannot satisfy the first TRO element. Plaintiff states irreparable harm will occur because she faces the loss of her home, but she represents that she was residing at 637 Toyota Drive in North Carolina rather than at the Residence. (Id.) Plaintiff filed a notice of change of address on January 20, 2025, indicating her current mailing address is 1529 Pinebrook Court (Apt A2), Greenville, NC 27858. (Doc. 13, at 1.)

Additionally, Plaintiff provides no evidence or reasoning as to why the threatened injury outweighs the harm the relief would inflict on the non-movant, or that entry of the relief would serve the public interest. Plaintiff merely makes conclusory statements on these elements, stating the "[b]alance of hardships favors Plaintiff" and "public interest supports halting fraudulent

4

foreclosure actions" with no factual support, documentation, or legal arguments. (Doc. 3, at 1.)

### IV. CONCLUSION

Based on the foregoing, Plaintiff has not established the four elements necessary to warrant issuance of a TRO, which is an extraordinary and drastic remedy. Accordingly, Plaintiff's motion for temporary restraining order or preliminary injunction (Doc. 3) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 30th day of January, 2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA