IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

NIKKI HARPER,

                Plaintiff,

v.

BARRETT FINANCIAL LLC, et al.,

                Defendants.

Civil Action No. 1:25-CV-00203-JRH-BKE

## <u>DEFENDANTS NATIONSTAR MORTGAGE LLC AND LAKEVIEW LOAN SERVICING, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>

NOW COME Defendants Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar")[1] and Lakeview Loan Servicing, LLC ("Lakeview" and with Nationstar, "Defendants"), by and through their attorney, and hereby submit this Memorandum of Law in support of their Motion to Dismiss the Complaint filed by Plaintiff Nikki Harper ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6), stating as follows:

## I.      INTRODUCTION

Plaintiff's claims arise out of a mortgage loan secured by real property located at 115 Carolyn Street, Sardis, Georgia (the "Property"). Compl., Doc/ECF No. 1, p.

---

[1] Rocket Mortgage, LLC is successor by merger to Nationstar Mortgage, LLC effective February 2, 2026.

1. Plaintiff brings ten causes of action against the Defendants. *Id.*, *generally*. The ten causes of action include (1) fraud and fraudulent misrepresentation, (2) negligent misrepresentation, (3) breach of fiduciary duty (buyer's agent/broker), (4) negligence (inspection, appraisal, closing), (5) Truth in Lending Act (TILA), (6) Real Estate Settlement Procedures Act (RESPA), (7) Fair Housing Act (FHA) – Interference/Retaliation, (8) intentional infliction of emotional distress, (9) unjust enrichment, and (10) breach of contract & implied covenant. *Id.* pp. 12-17. Despite Plaintiff's voluminous issues and grievances with her purchase of the Property and associated mortgage loan, those grievances do not give rise to valid claims under the applicable Georgia and federal law. Ultimately, Plaintiff's Complaint fails to allege sufficient facts to satisfy the key elements of her claims under Georgia and federal law, rendering it fatally flawed. For the reasons discussed below, Plaintiff's Complaint must be dismissed with prejudice for failure to state a claim upon which relief may be granted as to Defendants.

## II.     STATEMENT OF FACTS[2]

On January 9, 2024, Plaintiff executed a Security Deed encumbering the Property (the "Security Deed") to secure a mortgage loan from Barrett Financial Group, LLC ("Barrett") in the amount of original principal amount of $160,000 (the

---

[2] The factual allegations of the Complaint are presented as true only for purposes of this Motion to Dismiss. Defendants do not admit the truthfulness of these "facts" by referencing them here.

"Note" and together with the Security Deed, the "Loan"). Compl. p. 9. The Security Deed was recorded on January 11, 2024, in Deed Book 1307, Page 295, Burke County, Georgia records.[3] In the days after Plaintiff closed on the Loan, she purportedly discovered an amended version of the documents prepared in connection with the Loan. *Id*. Plaintiff alleges that she never saw or approved of the purported amendment, despite her signature appearing on the document. *Id*.

In addition to the purported issues with approval of the amended Loan documents, Plaintiff alleges that United Wholesale Mortgage ("UWM") underwrote the loan, despite readily apparent issues with the debt-to-income ratio. *Id*. Furthermore, Plaintiff contends that Nationstar has continued servicing and attempting to collect on the Loan, despite Plaintiff's concerns regarding fraud. *Id*.

### III.    ARGUMENT AND AUTHORITIES

### A.    Legal Standard for Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." In ruling on the pending motion to dismiss, all of the well-pled factual allegations in a plaintiff's complaint must be accepted as true and construed in the light most favorable to plaintiff. *See Young Apts., Inc. v. Town of Jupiter*, 529 F.3d 1027, 1037 (11th Cir. 2008).

---

[3] This Court may take judicial notice of the Security Deed. *Davis v. Williams Communs. Inc.*, 258 F. Supp. 2d 1348, 1352 (N.D. Ga. 2003) (holding that "a court may take judicial notice of the public record, without converting the motion to one for summary judgment, because such documents are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

However, "unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007) (citations and quotations omitted). More specifically, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). To survive a Rule 12(b)(6) motion, "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

While courts construe *pro se* pleadings liberally, *pro se* litigants must still comply with substantive law. *Campbell v. Air Jam., Ltd.*, 760 F.3d 1165, 1168-69

(11th Cir. 2014). Courts cannot "rewrite an otherwise deficient pleading in order to sustain an action." *Id*.

**B.     Plaintiff's Complaint Fails to State a Claim for Fraud. (COA #1)**

Under Georgia law, in order to show fraud, "the plaintiff must establish five elements: (1) a false representation by a defendant, (2) scienter, (3) intention to induce the plaintiff to act or refrain from acting, (4) justifiable reliance by plaintiff, and (5) damage to plaintiff." *Sun Nurseries, Inc. v. Lake Erma, LLC*, 316 Ga. App. 832, 835, 730 S.E.2d 556, 561 (2012) (citing *Summit Auto. Group, LLC v. Clark*, 298 Ga. App. 875, 880(3), 681 S.E.2d 681 (2009)); *see also Smith-Tyler v. Bank of America, N.A.*, 992 F.Supp.2d 1277, 1282 (N.D. Ga. 2014) (citation omitted). Furthermore, under federal law, general notice pleading is insufficient to sustain a claim for fraud, as all allegations of fraud must be plead with particularity. *See* Fed. R. Civ. P. 9(b).

Here, Plaintiff fails to sufficiently plead the allegations of her fraud claim with particularity, instead pleading each element in broad, general terms. Compl. p. 12. Plaintiff fails to specifically identify which of the more than ten defendants allegedly made the misrepresentations and which statements she contends were misrepresentations of the pertinent facts leading to her damages. Furthermore, while Plaintiff contends that one of the defendants executed a document in connection with her Loan, using her electronic signature without her consent, she does not identify

either the document she contends was fraudulently executed, the defendant who purportedly executed the document, or the manner in which the alleged amendment changed any of the terms of the original loan agreement. *See, generally,* Compl.

At no time does Plaintiff attribute any responsibility to Defendants for the purported forgery of her signature or construction defects in the property which Plaintiff purchased. Rather, Plaintiff merely alleges that Nationstar is the current servicer of the Loan which is performing routine servicing tasks which wholly post-date Plaintiff's contentions of wrongdoing by others. *Id*. p. 7. Ultimately, Plaintiff includes no allegations to show that Defendants communicated any false representations to her, Defendants intended to induce reliance, or that she relied upon any such false representations to her detriment. Accordingly, Plaintiff has failed to sufficiently plead the elements of her fraud claim with particularity and the Court must dismiss the claim for fraud and fraudulent misrepresentation with prejudice.

### C.     Defendants are not Proper Parties to Counts II, III, or IV.

In Counts II, III, and IV, Plaintiff seeks to recover against certain defendants for damages incurred in connection with the purchase of the Property. Compl. p. 13-14. Specifically, Plaintiff raises concerns regarding the inspection, the appraisal, and the closing, asserting claims for negligent misrepresentation, breach of fiduciary duty, and negligence with specific attention to those items. Defendants are not proper or necessary parties to any of these causes of action as neither was involved in the

inspection, appraisal, or closing of the Property, nor are they alleged to have been involved.

Nevertheless, Plaintiff can assert no viable claims arising out of the pre-closing appraisal of the Property. Courts routinely recognize that a property appraisal is solely for the benefit of the lender so it may confirm a loan is sufficiently collateralized before lending the money. *McGee v. First Federal Sav. & Loan Ass'n of Brunswick*, 761 F.2d 647, 648 (11th Cir. 1985). Beyond the fact that Defendants were not party to the inspection, the appraisal, or the closing, Plaintiff's appraisal fraud theory is dead on arrival and cannot support any adequate cause of action. Accordingly, Counts II, III, and IV should be dismissed as to Defendants.

**D.      Plaintiff's Complaint Fails to State a Clam for Relief under TILA. (COA #5)**

In Plaintiff's fifth cause of action, she asserts that the lenders violated the Truth in Lending Act ("TILA"). However, Plaintiff's claim consists of nothing more than unsupported conclusions of law. As stated above, when "attacked by a Rule 12(b)(6) motion to dismiss…a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965.

In her claim for violations of TILA, Plaintiff merely states in broad terms that, "[l]enders failed to provide accurate and complete disclosures and relied on irregular documentation, including an unauthorized e-signature amendment." Compl. p. 14. Plaintiff further alleges that "[s]ervicing failed to reasonably address disputes," without specifically identifying the disclosures or documents which are purportedly in dispute or providing any specifics on the nature or date of her "disputes." *Id*. Plaintiff's claim is nothing more than unsupported conclusions of law that certain lenders and servicers violated the Act, without sufficient allegations to put Defendants on notice of a specific violation. Accordingly, Plaintiff's claims for violations of the TILA must be dismissed with prejudice.

**E.      Plaintiff's Complaint Fails to State a Claim for RESPA Violations. (COA #6)**

In Plaintiff's sixth cause of action, she asserts that the various defendants violated the Real Estate Settlement Procedures Act ("RESPA"). Compl. p. 15. However, Plaintiff's claim fails to allege any facts that would entitle her to assert a private right of action under RESPA.

> RESPA creates a private right of action for only three types of wrongful acts: (1) payment of a kickback and unearned fees for real estate settlement services, 12 U.S.C. § 2607(a), (b); (2) requiring a buyer to use a title insurer selected by the seller, 12 U.S.C. § 2608(b); and (3) the failure by a loan servicer to give proper notice of a transfer of servicing rights or to respond to a QWR for information about a loan, 12 U.S.C. § 2605(f).

*Dynott v. Nationstar Mortg., LLC*, No. 1:13–CV–1474–WSD, 2014 WL 1028886, at *15 (N.D.Ga. Mar. 17, 2014).

Here, Plaintiff alleges that, "[d]efendants failed to properly investigate Plaintiff's servicing disputes and fraud notices and persisted in harmful activities notwithstanding clear red flags." Compl. p. 15. Plaintiff further avers that, "[s]ettlement practices generated or retained unearned fees tied to a fraudulent transaction." *Id*. Plaintiff does not identify any particular disputes or notices, nor does she name which defendants failed to properly investigate any such disputes. Plaintiff clearly does not include any well-pled factual allegations showing that either Defendant participated in any such allegedly wrongful conduct.

Plaintiff's bald, unsupported allegations do not give rise to any of the three types of wrongful acts which would entitle her to assert a private action under RESPA, such as the submission of qualified written requests ("QWRs"). *See Librizzi v. Ocwen Loan Servicing., LLC*, 120 F.Supp.3d 1368, 1379 (S.D. Fla. 2015) (citing 12 U.S.C. § 2605(e)(1)(B)); *Echeverria v. BAC Home Loans Servicing, LP*, 900 F.Supp.2d 1299, 1306 (M.D. Fla. 2012) ("[U]nder subsection (ii), a QWR must (1) give a statement of the reasons that the account was in error or (2) seek other information regarding the servicing of the loan."). Because Plaintiff does not set forth any discrete facts to show that she submitted any such written request to Defendants, Plaintiff states no QWR-based RESPA claim. Accordingly, the Court

must dismiss Plaintiff's claim for RESPA violations with prejudice, as she has not asserted facts which would give rise to a private right of action under RESPA.

**F.      Plaintiff's Complaint Fails to State a Claim for FHA Violations. (COA #7)**

In her seventh cause of action, Plaintiff alleges that defendants violated the Fair Housing Act ("FHA"), specifically alleging that she faced "interference when she raised safety and fraud concerns[.]" Compl. p. 15. Plaintiff has failed to state a claim against Defendants for relief under the FHA.

In order to assert a claim under the FHA pursuant to violation of 42 U.S.C. § 3617, a plaintiff must establish that: (1) they are a member of a protected class under the FHA; (2) they have exercised or enjoyed a right protected by §§ 3603-3606, or aided or encouraged others in exercising or enjoying such rights; (3) the defendant's conduct was at least in part intentional discrimination; and (4) the defendant's conduct constituted coercion, intimidation, threat, or interference on account of having exercised, or aided or encouraged others in exercising a right protected under §§ 3603-3606. *U.S. v. Sea Winds of Marco, Inc.*, 893 F.Supp. 1051, 1055 (M.D. Fla. 1995) (citing *People Helpers Foundation, Inc. v. Richmond,* 781 F.Supp. 1132 (E.D.Va.1992); *Cass v. American Properties, Inc.,* No. 94 C 2977, 1995 WL 132166, 1995 U.S.Dist. LEXIS 2298 (N.D. Ill. Feb. 16, 1995)).

Here, while Plaintiff sufficiently alleges that she is a member of a protected class under the FHA, she fails to plead any, let alone sufficient, facts to satisfy the remaining elements of a claim for violation of § 3617. Instead, Plaintiff's complaint contains only unsupported conclusions of law that she "faced intimidation and interference[.]" Compl. p. 15. Plaintiff does not identify which defendant(s) engaged in any such acts or the manner in which they were conducted. Furthermore, Plaintiff does not even allege that the purported "intimidation and interference" were the result of intentional discrimination. *See Sea Winds of Marco, Inc.*, 893 F.Supp. at 1055. Accordingly, Plaintiff's claim for violation of the FHA should be dismissed as to Defendants for failure to state a claim upon which relief can be granted.

**G.     Plaintiff's Complaint Fails to State a Claim for Intentional Infliction of Emotional Distress. (COA #8)**

In Plaintiff's eighth cause of action, she asserts a claim for intentional infliction of emotional distress ("IIED"), asserting that "[k]knowingly pushing a disabled veteran into an unsafe home through fraud, concealing hazards, ignoring health risks, and initiating foreclosure despite notice of harm is extreme and dangerous." Compl. p. 16. As an initial matter, Defendants were uninvolved with Plaintiff's purchase of the Property, only servicing her mortgage Loan after she purchased and financed the Property. *See generally, Id.* Defendants are clearly improper parties to any claims regarding purported construction defects in the Property. Beyond these factual deficiencies, Plaintiff's IIED claim relies solely on unsupported conclusions of law which cannot support her claim for intentional infliction of emotional distress.

In order to assert a claim for intentional infliction of emotional distress, a plaintiff must satisfy four elements: "(1) [t]he conduct must be intentional or reckless; (2) [t]he conduct must be extreme and outrageous; (3) [t]here must be a causal connection between the wrongful conduct and the emotional distress; and (4) [t]he emotional distress must be severe." *Cottrell v. Smith*, 299 Ga. 517, 521, 788 S.E.2d 772, 780 (2016). "In Georgia, plaintiffs must overcome a high threshold in order to establish that conduct was sufficiently outrageous to support a claim for the intentional infliction of emotional distress. In fact, '[l]iability for intentional

infliction of emotional distress has been found in Georgia only when a defendant's conduct is so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Joyner v. Lifeshare Mgmt. Grp., LLC*, No. CV417-174, 2018 WL 6092743, at \*4 (S.D. Ga. Nov. 21, 2018) (quoting *Turnbull v. Northside Hosp., Inc.*, 220 Ga. App. 883, 884, 470 S.E.2d 464 (1996) (internal quotations omitted)).

Here, Plaintiff's allegations are not directed at any singular defendant, instead lumping them all together. Plaintiff's only allegations as to Defendants in this respect are that they serviced the defaulted Loan and began foreclosure proceedings. Compl. p. 16. Applying the Georgia standard for outrageous conduct to that allegation, it is simply implausible to argue that initiating foreclosure was "atrocious, and utterly intolerable in a civilized community." *Joyner* 2018 WL 6092743, at \*4 (quoting *Turnbull*, 220 Ga. App. at 884). While Plaintiff experienced multiple purported issues with the quality of the Property, that does not excuse her performance under the Loan. Plaintiff remains liable for the Loan that she entered into freely and of her own accord. Notably, Plaintiff does not dispute her default for non-payment under the Loan. Accordingly, Plaintiff fails to show that Defendants' alleged decision to initiate foreclosure was "atrocious, and utterly intolerable." Therefore, this Court must dismiss Plaintiff's claim for IIED with prejudice.

### H. Plaintiff's Complaint Fails to State a Claim for Unjust Enrichment. (COA #9)

In Plaintiff's ninth cause of action, she asserts a claim for unjust enrichment, asserting that "[d]efendants obtained commissions, fees, premiums, and payments from a transaction procured by fraud and statutory violations." Compl. p. 16. However, Plaintiff's allegations fail to satisfy the elements of a claim for unjust enrichment.

In order to assert a claim for unjust enrichment, a plaintiff must show that "(1) a benefit was provided, (2) compensation for that benefit was not received, and (3) the failure to compensate renders the transaction unjust." *Ridgeline Capital Partners, LLC v. MidCap Financial Servs., LLC*, 340 F. Supp.3d 1364, 1372 (N.D. Ga. 2018) (quoting *Hill for Credit Nation Capital, LLC v. Duscio*, 292 F.Supp.3d 1370, 1378 (N.D. Ga. 2018)) (internal quotations omitted)). Furthermore, "[t]o prevail on a claim for unjust enrichment, a plaintiff thus must ultimately prove (1) that it conferred a benefit on the defendant and (2) that equity requires the defendant to compensate for that benefit." *Brooks v. Branch Banking and Trust Co.*, 107 F.Supp.3d 1290, 1298 (N.D. Ga. 2015) (internal quotation omitted).

However, Georgia law has consistently held that unjust enrichment is only available in the absence of an enforceable contract. *Goldstein v. Home Depot U.S.A., Inc.*, 609 F. Supp. 2d 1340, 1347 (N.D. Ga. 2009) (citing *J'Carpc, LLC v. Wilkins,*

*et.al*, 545 F. Supp. 2d 1330, 1340 (N.D. Ga. 2008)); *see also Camp Creek Hospitality Inns, Inc. v. Sheraton Franchise Corp.*, 139 F.3d 1396, 1413 (11th Cir. 1998) (finding, under Georgia law, that "[r]ecovery on a theory of unjust enrichment... is only available 'when as a matter of fact there is no legal contract'") (citation omitted); *see also JTL Consulting, LLC v. Mendenhall*, No. 1:04-CV-3459-JOF, 2007 WL 902374, at *13 (N.D. Ga. Mar. 21, 2007) (dismissing unjust enrichment claim because parties' conduct was governed by an express agreement). The Security Deed is an express written contract which governs the parties' rights and responsibilities, so there Plaintiff cannot recover under Georgia law for unjust enrichment. Accordingly, this Court must dismiss Plaintiff's claim for unjust enrichment with prejudice.

## I. Plaintiff's Complaint Fails to State a Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing. (COA #10)

In Plaintiff's final cause of action, she asserts a claim for breach of the implied covenant of good faith and fair dealing, asserting that "[d]efendants frustrated Plaintiff's contractual rights by concealing material facts, processing irregular paperwork, and denying the basic benefit of a habitable home and compliant financing." Compl. p. 17. However, Plaintiff's allegations fail to state a claim upon which relief can be granted, as she has failed to identify the specific contract or provision within that contract which has been breached.

A plaintiff "asserting a breach of contract claim must allege a particular contractual provision that the defendants violated to survive a motion to dismiss." *Brooks*, 107 F. Supp. 3d at 1296 (quoting *Anderson v. Deutsche Bank Nat'l Trust Co.*, No. 1:11-CV-4091-TWT-ECS, 2012 WL 3756512, at *5 (N.D. Ga. Aug. 6, 2012)); *see American Casual Dining, L.P. v. Moe's Southwest Grill, LLC*, 426 F. Supp. 2d 1356, 1369 (N.D. Ga. 2006) ("Because [Plaintiff] cannot point to any contractual provision that [Defendant] breached…[Plaintiff] cannot state a claim for breach of contract based on these allegations."). Here, because Plaintiff has failed to point to a contract and contractual provision which was breached, she cannot state a claim for breach of contract.

Accordingly, Plaintiff's failure to successfully plead and allege a claim for breach of contract is fatal to her claim for breach of the implied covenant of good faith and fair dealing. Under Georgia law, "[e]very contract implies a covenant of good faith and fair dealing in the contract's performance and enforcement." *Secured Realty Investments v. Bank of North Georgia,* 314 Ga.App. 628, 630, 725 S.E.2d 336, 339 (2012). However, "the covenant cannot be breached apart from the contract provisions it modifies and therefore cannot provide an independent basis for liability" *Myung Sung Presbyterian Church v. North American Ass'n of Slavic Churches & Ministries, Inc.,* 291 Ga.App. 808, 810, 662 S.E.2d 745, 748 (2008); *see also U.S. Bank, N.A. v. Phillips*, 318 Ga.App. 819, 825, 734 S.E.2d 799 (2012)

(holding that debtor could not maintain claim for breach of implied covenant of good faith and fair dealing absent valid breach of contract claim).

Here, Plaintiff has not asserted a valid claim for breach of contract, explicitly stating that defendants have not "breach[ed] an express" term of any contract. Compl. p. 17; *Bryant v. Progressive Mt. Ins. Co.*, 243 F. Supp.3d 1333, 1340 (M.D. Ga. 2017) ("[a] plaintiff asserting a breach of contract claim must allege a particular contractual provision that the defendants violated to survive a motion to dismiss."). Instead, Plaintiff attempts to rely solely on a purported breach of the implied covenant of good faith and fair dealing, which is impermissible under Georgia law. Without a valid claim for breach of contract, Plaintiff cannot sustain her claim for breach of the implied covenant of good faith and fair dealing. Accordingly, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing must be dismissed by the Court with prejudice.

## IV. CONCLUSION

WHEREFORE, for the above and foregoing reasons, Defendants request that this Court grant their Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss it in its entirety as to Nationstar and Lakeview with prejudice.

This the 27th day of February, 2026.

Respectfully submitted,

By: */s/ Jennifer R. Burbine*
Jennifer R. Burbine
Georgia Bar No. 167807
McGuireWoods LLP
1075 Peachtree Street, N.E.
35th Floor
Atlanta, GA 30309-3900
Telephone: 404-443-5736
Fax: 404-443-5798
jburbine@mcguirewoods.com

*Attorney for Defendants Nationstar Mortgage LLC and Lakeview Loan Servicing, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

NIKKI HARPER,

                     Plaintiff,

v.

BARRET FINANCIAL LLC, et al.,

                     Defendants.

Civil Action No. 1:25-CV-00203-JRH-BKE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 27, 2026, I electronically filed the foregoing **DEFENDANTS NATIONSTAR MORTGAGE LLC AND LAKEVIEW LOAN SERVICING, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** and its attachments with the Clerk of the Court using the CM/ECF System and served a true and correct copy of same on all  attorneys of record and to the following by First-Class Mail, postage prepaid, addressed to:

Nikki Harper
1529 Pinebrook Court, Apt. A2
Greenville, NC 27858
*Plaintiff Pro Se*


                     */s/ Jennifer R. Burbine*
                     Jennifer R. Burbine

McGuireWoods LLP
Georgia Bar No. 167807
1075 Peachtree Street, N.E.
35th Floor
Atlanta, GA 30309-3900
Telephone: 404-443-5736
Fax: 404-443-5798
jburbine@mcguirewoods.com

*Attorney for Defendants Nationstar
Mortgage LLC and Lakeview Loan
Servicing, LLC*