IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

NIKKI M. HARPER,            )
                            )
        Plaintiff,          )
                            )
    v.                      )        CV 125-203
                            )
BARRETT FINANCIAL LLC, et al.,  )
                            )
        Defendants.         )
                         _____

**O R D E R**
                         _____

Defendants Nationstar Mortgage LLC and Lakeview Loan Servicing LLC move to stay all discovery related activities, including initial disclosure obligations, as well as the planning conference and the submission of the requisite discovery plan under Fed. R. Civ. P. 26(f) and Loc. R. 26.1 discovery, pending resolution of their motion to dismiss. For the reasons set forth below, the Court **GRANTS** the motion to stay discovery. (Doc. no. 17.)

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

Based on a preliminary peek at the dispositive motion from Defendants Nationstar Mortgage LLC and Lakeview Loan Servicing LLC, the Court finds an immediate and clear

possibility of a ruling "which may be dispositive of some important aspect of the case." Indeed, the motion seeks dismissal with prejudice of all claims against these two Defendants. (See doc. nos. 16, 16-1.) When balancing the costs and burdens to the parties, the Court concludes discovery should be stayed pending resolution of the motion to dismiss. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." (footnote omitted)); see also Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005) (*per curiam*) ("[D]elaying a ruling on the motion to dismiss 'encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs . . . . [A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.'").

Thus, the Court **STAYS** all discovery in this action pending resolution of the motion to dismiss by Defendants Nationstar Mortgage LLC and Lakeview Loan Servicing LLC. Should any portion of the case remain after resolution of the motion, the parties shall confer and submit a Rule 26(f) Report, with proposed case deadlines, within seven days of the presiding District Judge's ruling. In the event the presiding District Judge, in his ruling on the pending dispositive motion, provides further instructions to the parties that justifies continuation of the stay, the parties shall inform the undersigned to that effect in a status report to be filed within seven days of the presiding District Judge's ruling.

SO ORDERED this 5th day of March, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

2