**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | |
|---|---|
| NIKKI HARPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No.: 1:25-CV-00203- |
| BARRETT FINANCIAL LLC et al., | ) JRH-BKE |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**DEFENDANT UNITED WHOELSALE MORTGAGE LLC'S**
**BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

COMES NOW Defendant United Wholesale Mortgage LLC (hereinafter referred to as "UWM") and submits this Brief supporting its Motion to Dismiss Nikki Harper's (hereinafter referred to as "Plaintiff") Amended Complaint (hereinafter referred to as "Plaintiff's Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of its Motion to Dismiss, UWM respectfully shows the Court the following:

## I.    INTRODUCTION

The sprawling Complaint and Amended Complaint [Doc. 29] plead an array of federal and state claims against more than twenty defendants based on a residential purchase of 115 Carolyn Street, Sardis, Georgia, 30546 (hereinafter

referred to as the "Property"). Even accepting well-pleaded facts as true, the Complaint should be dismissed. Plaintiff's Amended Complaint raises ten causes of action, (1) Fraud, Fraudulent Inducement and Concealment; (2) Negligent Misrepresentation/Negligence; (3) RESPA violations; (4) TILA violations; (5) Fair Housing Act violations (6) ADA and/or Rehabilitation Act violations; (7) VA Loan Fraud/Federal Regulatory violations; (8) RICO violations; (9) Civil Conspiracy; and (10) Declaratory and Injunctive Relief. Many claims rest on conclusory assertions, immaterial disputes about disclosures, and alleged "schemes" unsupported by particularized facts tying each defendant to each cause of action. Numerous counts are not cognizable as pleaded, seek remedies unavailable as a matter of law, and impermissibly lump defendants.

## II.    UNDERLYING FACTS

On or about January 9, 2024, Plaintiff executed a note ("Note") in favor of the lender, Barrett Financial Group, L.L.C., in the amount of $160,000 for her purchase of the Property (the "Loan"). The repayment of the Loan was secured by a Security Deed recorded in the official land records of the County Clerk of the Superior Court of Burke County, Georgia, as Document No D20240000092, at Book 1307, on Page 295 (the "Mortgage"). On or about January 11, 2024, the Loan and its servicing rights were sold to UWM.

In her Complaint, Plaintiff alleges that following the closing of the Loan, she discovered irregularities in some of the Loan documentation. Specifically, Plaintiff claims that there were multiple versions of some closing documents, that the appraisals and inspections were inaccurate, and that the incorrect entity was listed as listed as the lender.

Plaintiff's claims against UWM fail because the Complaint impermissibly lumps UWM together with numerous other defendants without specifying what conduct is allegedly attributable to UWM, as opposed to other parties involved in the transaction. Further, Plaintiff's claim that UWM misrepresented loan documents by indicating that Barrett Financial Group was the lender on the Loan, alleging UWM was the actual lender is false. UWM purchased the Loan and its servicing rights from Barrett Financial on or about January 11, 2024, subsequent to the closing. UWM subsequently sold the Loan to Ginnie Mae on or about February 9, 2024, and the servicing rights to Lakeview Loan Servicing on or about August 2, 2024.

Beyond conclusory assertions, Plaintiff does not identify any appraisal, inspection, or origination activity performed by UWM. To the contrary, UWM was not the lender and did not conduct the appraisal or property inspection, which were performed by independent third parties. Plaintiff's Complaint fails to provide UWM with fair notice of the claims against it and is insufficient to state a plausible claim for relief.

### III.    ARGUMENT AND CITATION OF AUTHORITY

## A. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed R. Civ. P. 8(a)(2). The Rule's purpose is to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957)).  To that end, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 1965.

When considering a Rule 12(b)(6) motion to dismiss, the Court must accept all facts in the complaint as true and view them in a light most favorable to the Plaintiff.  *Hardy v. Regions Mort., Inc.*, 449 F.3d 1357, 1359 (11th Cir. 2006).  The Court must also accept all reasonable inferences from the plaintiff's alleged facts. *Omar ex rel. cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003); *Jackson v. Okaloosa County*, 91 F.3d 1531, 1534 (11th Cir. 1994).

In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the United States Supreme Court has clarified the notice pleading landscape and articulated the standards for a complaint to survive a motion to dismiss.  The

Court noted that although it must accept well-pled facts as true, it need not accept a plaintiff's legal conclusions.  *Twombly*, 127 S. Ct. at 1645-65 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,…a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do) (citations omitted); *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

A complaint should be dismissed if the alleged facts do not state a claim for relief that is plausible on the complaint's face.  *Twombly*, 550 U.S. 544 (retiring old Rule 12(b)(6) standard in which motion was denied "unless it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"); *accord Fin. Sec. Assurance, Inc. v. Stephens*, Inc., 500 F. 3d 1276, 1282 (11th Circuit 2007) ("Stated differently, the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief[.]'").  An unsupported "formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss.  *Twombly*, 500 U.S. at 555.

Although Federal Rule of Civil Procedure 8 does not require detailed factual allegations, it demands "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (internal citations omitted).  "[T]hreadbare

recitals of a cause of action's elements, supported by mere conclusory statements" will not survive a motion to dismiss. *Id*. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Plaintiff's Complaint fails to satisfy the basic pleading requirements of Federal Rule of Civil Procedure 8(a)(2) and therefore should be dismissed. Rather than providing a short and plain statement showing entitlement to relief, the Complaint relies on sweeping assertions and legal conclusions that collectively lump UWM together with numerous unrelated parties without identifying specific conduct attributable to UWM. Such undifferentiated "group pleading" does not give UWM fair notice of the claims against it or the grounds upon which those claims rest, as required by Rule 8. Although the Court must accept well-pleaded facts as true, it is not required to credit conclusory allegations or threadbare recitations of the elements of a cause of action. Here, Plaintiff's allegations against UWM are speculative and conclusory, fail to identify any actionable misconduct by UWM itself, and do not plausibly suggest entitlement to relief. Further, Because the Complaint does not nudge Plaintiff's claims against UWM from conceivable to plausible, dismissal under Rule 12(b)(6) is required.

Beyond conclusory assertions, Plaintiff does not identify any appraisal, inspection, or origination activity performed by UWM. To the contrary, UWM was not the lender and did not conduct the appraisal or property inspection, which were

performed by independent third parties. Plaintiff's Complaint fails to provide UWM with fair notice of the claims against it and is insufficient to state a plausible claim for relief. Accordingly, the Court should dismiss Plaintiff's Complaint for failing to state any claim against UWM upon which relief can be granted.

**Plaintiff's Complaint is an Impermissible Shotgun Pleading**

Plaintiff is proceeding *pro se,* so their complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  That said, nothing excuses a *pro se* plaintiff from compliance with the threshold requirements of the Federal Rules of Civil Procedure.  *Trawinski v. United Techs*, 313 F.3d 1295, 1297 (11th Cir. 2002).

Plaintiff's Complaint is a classic example of a shotgun pleading, which the Eleventh Circuit has consistently rejected for failing to meet the Federal Rules of Civil Procedure pleading standards.  *See, eg., Byrne v. Nezhat*, 261 F.3d 1075 (11th Cir. 2001); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008) (noting that Eleventh Circuit "roundly, repeatedly, and consistently condemn[s]" shotgun pleadings).  Shotgun pleadings are defined by "the failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading."  *Beckwith v. Bellsouth Telecoms, Inc.*, 146 Fed. Appx. 368, 371 (11th Cir. 2005) (unpublished).   Shotgun pleadings typically "contain irrelevant factual

allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellog Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).'

Plaintiff's Complaint is clearly a "shotgun pleading". Plaintiff makes multiple allegations and legal conclusions without any plausible evidentiary support. Further, throughout Complaint, Plaintiff fails to specify which conduct she attributes to UWM. Further, contrary to Plaintiff's assertions, Barrett Financial was the lender and not UWM. As mentioned earlier, UWM had purchased the Loan and its servicing rights from Barrett Financial Group following the closing of the Loan. It is clear that Plaintiff's Complaint is an attempt to stave off the foreclosure. Thus, any and all allegations against UWM should be dismissed.

### B. Plaintiff's Claims for Fraud Fail to State a Claim and Should be Dismissed.

As cited in Mr. Cooper's Motion and Brief to Dismiss, (Doc. 16-1, Page 5) to show fraud, five elements must be established.  Those elements are: "(1) false representation or omission of a material fact; (2) scienter (knowledge of the falsity or reckless disregard for the truth); (3) intention to induce the party claiming fraud to act or refrain from acting; (4) justifiable reliance by the plaintiff on the false representation; and (5) damages resulting from the reliance." See *DeThomas investments, LLC v. LMRK PropCo, LLC*; 918 S.E.2d 601.

Plaintiff's fraud claim against UWM fails because it does not plead fraud with the required specificity and does not plausibly allege any of the elements of fraud as

to UWM. Plaintiff impermissibly groups UWM together with numerous other defendants and fails to identify any specific false representation or omission made by UWM. The only allegation that could arguably be construed as directed at UWM is Plaintiff's assertion that UWM misrepresented its role as lender. That allegation fails as a matter of law because UWM was not the lender, and thus any representation by UWM that it was not the lender was true. Absent a false representation or omission of a material fact, Plaintiff cannot establish the first element of fraud. The failure to plead falsity is fatal and necessarily defeats the remaining elements of scienter, intent, justifiable reliance, and damages. Because Plaintiff alleges no actionable misrepresentation by UWM and instead relies on conclusory and undifferentiated assertions, the fraud claim must be dismissed under Rules 8(a), 9(b), and 12(b)(6).

### C. Plaintiffs' Negligence Claims Fail and Should be Dismissed

It is well understood that negligence requires a legal duty, breach, casual connection, and damages. Plaintiff's negligence claim fails because it does not allege any facts showing that UWM owed Plaintiff a legal duty, breached that duty, or caused Plaintiff's alleged damages. Instead, Plaintiff relies on conclusory group allegations asserting that all defendants were negligent, without specifying any act or omission attributable to UWM. Such bare assertions fail to state a plausible negligence claim.

### D. Alleged RESPA Violation Allegations Should Be Dismissed.

Plaintiff's alleged RESPA violations also fail. RESPA provides a private right of action only in limited circumstances, namely: (1) the payment or receipt of kickbacks or unearned fees in connection with real estate settlement services, 12 U.S.C. § 2607(a)–(b); (2) requiring a buyer to use a title insurer selected by the seller, 12 U.S.C. § 2608(b); and (3) a loan servicer's failure to provide proper notice of a transfer of servicing rights or to respond adequately to a borrower's qualified written request, 12 U.S.C. § 2605(f). Additionally, to recover damages under RESPA, a borrower must present specific evidence establishing a causal link between the alleged statutory violation and the borrower's claimed injuries. See *Jenkins v. BAC Home Loan Servicing, LP*, 822 F. Supp. 2d 1369 (quoting *McLean v. GMAC Mortg. Corp.*, 398 F. App'x 467, 471 (11th Cir. 2010)).

Here, Plaintiff alleges a RESPA violation based on an alleged "undisclosed referral relationship between Defendants Schroder and Thornton Lewis." (Doc. 29 ¶ 78.) Plaintiff does not allege that UWM paid, received, or benefitted from any kickback or unearned fee, nor does she allege that UWM participated in or had any involvement in the purported referral relationship. Plaintiff also generally alleges that RESPA was violated through a failure to provide accurate and timely disclosures, but she does not specify that this allegation is directed at UWM or identify any action taken by UWM that resulted in such a violation. Likewise,

Plaintiff references servicing related conduct giving rise to alleged RESPA violations by other defendants, yet does not allege that UWM engaged in any servicing activity or otherwise participated in that conduct. Because Plaintiff's RESPA allegations concern conduct allegedly undertaken by other defendants and fail to implicate any RESPA violation by UWM, Plaintiff has not stated a viable RESPA claim against UWM, and the claim must be dismissed.

### E. The TILA Allegations Fail as to Defendant UWM and Should be Dismissed.

Plaintiff alleges three purported violations of the Truth in Lending Act ("TILA"), asserting the claim against Defendants Barrett Financial Group LLC, UWM, and Tina Thornton Lewis in the heading. However, the Complaint fails at the outset because it does not specify which alleged TILA violation is attributable to which Defendant. This alone warrants dismissal. Even setting that defect aside, Plaintiff's TILA claim against UWM still fails.

First, Plaintiff alleges that Defendants failed to accurately identify the actual creditor in required loan disclosures by listing Barrett Financial Group LLC as the lender in the Closing Disclosure, Borrower Property Condition Certificate, and Appraisal Disclaimer, while asserting that UWM was the "actual lender." This allegation is incorrect. Barrett Financial Group LLC was the lender on the Loan, as reflected in the Security Deed recorded in the official land records of the Clerk of the Superior Court of Burke County, Georgia, Document No. D20240000092, Book

1307, Page 295. After the closing, Barrett Financial Group LLC sold the Loan and its servicing rights to UWM on or about January 11, 2024. Because UWM was not the lender and the disclosures accurately identified Barrett as the lender, Plaintiff fails to allege any misrepresentation, and this alleged TILA violation necessarily fails.

Second, Plaintiff alleges that Defendants used "inaccurate underwriting inputs and documentation" that undermined her informed consent to the loan terms. Plaintiff does not identify what underwriting inputs or documentation were inaccurate, nor does she allege that any such conduct is attributable to UWM. Plaintiff's conclusory allegations devoid of factual content are insufficient to state a TILA claim, and this allegation fails to plausibly plead a violation as to UWM.

Third, Plaintiff alleges that Defendants failed to provide "complete and accurate material loan disclosures required by TILA and Regulation Z." Again, Plaintiff does not identify which disclosures were allegedly deficient, when they were required, or which Defendant purportedly failed to provide them. Such vague and undifferentiated allegations fail to provide UWM with fair notice and do not state a plausible TILA claim.

Additionally, even if Plaintiff had adequately pleaded a TILA violation attributable to UWM, her claims are time barred. TILA claims for disclosure violations must be brought within one year of the occurrence of the alleged violation.

See 15 U.S.C. § 1640(e). The Eleventh Circuit has held that TILA disclosure violations occur at the time the loan transaction is consummated, in other words, at closing. See *Frazile v. EMC Mortg. Corp.*, 382 F. App'x 833, 838 (11th Cir. 2010). Here, the loan closed on January 9, 2024, but Plaintiff did not file her original Complaint until on or about September 2, 2025, well beyond the one-year limitations period. Accordingly, Plaintiff's TILA claim is barred by the statute of limitations and must be dismissed.

**F. Plaintiff Still Fails to State a Claim for Violations of the FHA and ADA.**

Plaintiff's Fair Housing Act ("FHA") and ADA claims also fail as to Defendant UWM. Plaintiff broadly alleges that Defendants discriminated against her on the basis of disability by engaging in practices that had an unlawful discriminatory effect on disabled veterans, failing to reasonably accommodate her disability related limitations, and exploiting her alleged disability related vulnerabilities. However, Plaintiff does not specify which of these theories she contends applies to UWM, nor does she identify any conduct by UWM that allegedly supports such claims.

A plaintiff may establish an FHA violation by pleading facts showing intentional discrimination, a discriminatory impact, or a refusal to make a reasonable accommodation. See *Raymond v. State Farm Fire and Casualty Company*, 614 F.Supp. 3d 1303. Here, Plaintiff fails to plausibly allege any of these theories as to

UWM. She does not identify any policy or practice by UWM that had a discriminatory impact, does not plead facts supporting intentional discrimination, and does not allege what reasonable accommodations were requested, needed, or denied by UWM. Instead, Plaintiff relies on vague, conclusory assertions unsupported by factual detail. Because Plaintiff fails to allege specific conduct attributable to UWM or provide sufficient information to place UWM on notice of the basis for her FHA claims, those claims must be dismissed.

### G. Plaintiff's Claims for Violation of VA Loan Standards Should Be Dismissed Against UWM

Plaintiff's VA Loan Fraud claim also fails as to Defendant UWM. Once again, Plaintiff relies on conclusory allegations and collective references to "Defendants" without specifying which defendant allegedly engaged in any wrongful conduct. Throughout the VA Loan Fraud count, Plaintiff does not identify any actions taken by UWM that would support liability.

First, Plaintiff alleges that the loan was fraudulent because the loan originator was not licensed in Georgia. Even though UWM not the loan originator, this claim still fails as a matter of law. The federal statute governing VA guaranteed home loans, 38 U.S.C. § 3710, establishes eligibility for VA loan guaranties based on factors such as the purpose of the loan and borrower creditworthiness; it does not impose a geographic licensing requirement on loan originators tied to the location of the property. Certain lenders and originators may operate nationwide, while others

must apply for VA approval, and the involvement of an out of state originator does not, by itself, constitute a violation of VA lending requirements.

Second, Plaintiff alleges that inaccurate underwriting data was submitted to obtain VA loan approval, but she does not identify which defendant allegedly submitted inaccurate data or what specific information was purportedly false. Third, Plaintiff alleges that the appraisal was ordered, influenced, or interfered with in violation of VA appraisal independence requirements, yet again fails to identify which party engaged in such conduct or how the appraisal process allegedly violated VA regulations. Fourth, Plaintiff alleges that material facts were misrepresented in connection with the VA loan application and closing, but does not specify which defendant made any misrepresentation or what those misrepresentations were.

In short, Plaintiff's VA Loan Fraud claim fails because it consists entirely of vague and conclusory allegations, does not attribute any specific conduct to UWM, and does not plead facts sufficient to support a plausible violation of VA lending statutes or regulations. Accordingly, this claim must be dismissed as to UWM.

## H. Plaintiff's Claims for Violation of RICO should be dismissed against UWM

To state a civil RICO claim under 18 U.S.C. § 1962(c), a plaintiff must plausibly allege: (1) the existence of an enterprise engaged in, or affecting, interstate commerce; (2) that the defendant was employed by or associated with the enterprise; (3) that the defendant conducted or participated in the conduct of the enterprise's

affairs; and (4) that the defendant did so through a pattern of racketeering activity. 18 U.S.C. §§ 1962(c), 1964. A civil RICO plaintiff must also allege that the defendant's racketeering activity was the proximate cause of injury to the plaintiff's business or property. 18 U.S.C. § 1964(c).

Critically, a "pattern of racketeering activity" requires more than isolated or related acts. Courts have long rejected attempts to transform a single transaction or dispute into a RICO pattern by artificially parsing it into multiple predicate acts. In particular, a single real estate transaction, however complex it may be, cannot be disaggregated into separate predicate acts for purposes of manufacturing a RICO claim. The Eleventh Circuit reaffirmed this principle in *McGinnis v. American Home Mortgage Servicing, Inc.*, 817 F.3d 1241 (11th Cir. 2016). There, the court affirmed summary judgment against a homeowner's RICO claim arising from alleged misconduct in escrow calculations and a resulting foreclosure. Although the plaintiff identified multiple acts occurring over time, the court held that the alleged misconduct was united by a "single core thread" - the purported miscalculation of escrow payments. The two alleged predicate offenses were deemed "two sides of the same coin" to establish a RICO pattern in Georgia.

The same defect is present here. Plaintiff's complaint arises from a single event: the purchase of her home. All alleged misconduct including the appraisal, loan servicing, and purported TILA and RESPA violations, derives entirely from

that single transaction. Because Plaintiff alleges no racketeering activity extending beyond the discrete act of purchasing the Property, she cannot establish the continuity necessary to plead a "pattern" under RICO. Her complaint therefore fails as a matter of law and should be dismissed.  Moreover, Plaintiff's allegations as to Defendant UWM are particularly deficient. The complaint identifies only a single allegation involving UWM, namely, that UWM "coordinated" an August 20, 2025 communication copying other transaction defendants. Plaintiff does not describe the substance of this communication, explain UWM's role in it, or allege how it constituted a predicate act, much less racketeering activity. Such vague and conclusory assertions fall far short of the pleading standards required to sustain a civil RICO claim.

## I. Plaintiff Cannot Show a Conspiracy, so the Claim Should be Dismissed.

Georgia law defines civil conspiracy as "a combination between two or more persons either to do some act which is a tort, or else to do some lawful act by methods which constitute a tort." *Cook v. Robinson*, 216 Ga. 328 (1960); 116 S.E.2d 742. The Georgia Supreme Court has emphasized that "where civil liability for a conspiracy is sought to be imposed, the conspiracy itself furnishes no cause of action. The gist of the action, if a cause of action exists, is not the conspiracy alleged, but the tort committed against the plaintiff and the resulting damage." *Cook v. Robinson*, 216 Ga. 216 Ga. 328 (1960); 116 S.E.2d 742.

Plaintiff's civil conspiracy claim fails as she does not allege that UWM committed any underlying tort. The Complaint does not identify any wrongful act by UWM that could independently support tort liability, nor does it plausibly allege UWM's participation in any agreement to commit a tort. Absent a viable underlying tort attributable to UWM, Plaintiff's conspiracy claim cannot stand. Because UWM did not commit any tortious conduct and cannot be held liable based solely on conclusory allegations of conspiracy, Plaintiff's civil conspiracy claim must be dismissed.

## J. Plaintiff's Claims for Declaratory Relief and Injunctive Relief Fail as a Matter of Law.

Under Georgia law, declaratory relief is available only where an "actual controversy" exists. *See* O.C.G.A. § 9-4-2(a). An actual controversy requires a justiciable dispute in which interested parties assert adverse claims based on an accrued set of facts. *Leitch v. Fleming*, 291 Ga. 669, 670, 732 S.E.2d 401 (2012). Critically, "for a controversy to justify the making of a declaration, it must include a right claimed by one party and denied by the other." *Id.* Declaratory judgment actions may not be used to adjudicate the propriety of past conduct or to address disputes that are no longer live. *See Richardson v. Phillips*, 302 Ga. App. 305, 308, 690 S.E.2d 918 (2010).

Here, Plaintiff has not alleged an actual controversy involving UWM. UWM no longer owns, holds, or services the Loan, having sold and transferred all of its interests prior to the filing of this action. Because UWM has no present rights, obligations, or adverse legal position with respect to Plaintiff or the Loan, there is no justiciable controversy between Plaintiff and UWM that this Court could resolve through declaratory relief. Any declaration regarding UWM would necessarily concern past conduct only, which is not a proper use of declaratory judgment under Georgia law. Accordingly, Plaintiff's claim for declaratory relief fails as to UWM and should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, UWM submits that Plaintiff's Complaint should be dismissed because Plaintiff fails to state any claim against UWM upon which relief can be granted. UWM respectfully requests the Court to dismiss all of Plaintiff's claims against UWM with prejudice and grant such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 10th day of April, 2026.

BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP

By:    /s/ Cory P. Sims
       Cory P. Sims
       Georgia Bar No. 701802
       Attorney for United Wholesale
       Mortgage LLC

       2727 Paces Ferry Road SE
       Building 1, Suite 750
       Atlanta, GA 30339
       (404) 926-4444
       CoryS@bdfgroup.com
       BDF 10756450