IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

APR 20 2026

FILED

NIKKI M. HARPER,
Plaintiff,

v.

BARRETT FINANCIAL GROUP, LLC, et al.,

Defendants.

Civil Action No.: 1:25-cv-000203-JRH-BKE

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT UNITED WHOLESALE MORTGAGE LLC'S MOTION TO DISMISS

Plaintiff Nikki M. Harper, proceeding pro se, respectfully submits this Response in Opposition to Defendant United Wholesale Mortgage LLC's ("UWM") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and states as follows:

## I. INTRODUCTION

Defendant seeks dismissal of Plaintiff's First Amended Complaint despite detailed factual allegations establishing its direct role in the loan transaction at issue. Plaintiff alleges that UWM acted as the actual underwriter and funding lender of the VA loan and approved the loan using materially inaccurate financial data, including inflated income.

Plaintiff further alleges that she was denied access to her own loan documents for over one year despite repeated requests, and that the documents she ultimately obtained revealed multiple inconsistencies, including different versions of the loan contract and evidence of income inflation.

These allegations are grounded in documents produced by Defendants themselves, including materials provided by Mr. Cooper, which exposed discrepancies in Plaintiff's loan file.

At this stage, the Court must accept Plaintiff's factual allegations as true. When doing so, Plaintiff has plausibly stated claims for relief.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter to state a claim that is plausible on its face.

As held in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009):

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

The Court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the Plaintiff. The Court does not resolve factual disputes at this stage.

III. ARGUMENT

A. Plaintiff Has Plausibly Alleged UWM's Direct Involvement

Plaintiff's Amended Complaint alleges that UWM was the actual underwriter and funding lender for the loan transaction and that it processed and approved the loan using inflated income figures.

Plaintiff further alleges that UWM participated in generating and/or accepting materially inconsistent loan documents.

These are factual allegations which must be accepted as true at this stage and are sufficient to establish UWM's direct involvement in the transaction.

B. Document Discrepancies Support Plaintiff's Claims

Plaintiff obtained multiple versions of her loan documents through Defendant Mr. Cooper, including documents that:

• Reflect income inflated from approximately $3,705 to over $4,500
• Contain material inconsistencies between versions
• Were not previously provided to Plaintiff despite repeated requests

These discrepancies support a reasonable inference that:

• The loan was processed using inaccurate underwriting data
• Plaintiff was not provided full and accurate disclosures
• Material information was withheld from Plaintiff

C. Failure to Provide Loan Documents Supports RESPA and TILA Claims

Plaintiff alleges that she requested her loan file and related documents for over one year following discovery of discrepancies in her loan.

Despite these requests, Defendant UWM failed to provide the requested documents. The documents were only obtained through another Defendant.

Defendant's failure to provide Plaintiff with her own loan file, despite repeated requests following discovery of discrepancies, supports a reasonable inference that material information was withheld and that required disclosures were not properly made.

These facts plausibly support claims under:

• RESPA (12 U.S.C. § 2601 et seq.)
• TILA (15 U.S.C. § 1601 et seq.)

D. Defendant's Arguments Improperly Challenge Facts

Defendant's Motion to Dismiss attempts to dispute:

• The accuracy of Plaintiff's allegations
• The interpretation of loan documents
• The significance of discrepancies

These are factual issues, not pleading deficiencies.

At the motion to dismiss stage, the Court does not determine who is correct. The Court determines only whether Plaintiff has stated a plausible claim for relief.

Plaintiff has done so.

IV. CONCLUSION

Plaintiff has alleged specific, document-supported facts demonstrating:

• Income inflation
• Multiple conflicting loan documents
• Failure to provide required disclosures
• UWM's direct involvement in the loan process

Under Iqbal, these allegations are more than sufficient to state a plausible claim.

Accordingly, Defendant United Wholesale Mortgage LLC's Motion to Dismiss should be DENIED.

Respectfully submitted,

Nikki M. Harper
Plaintiff, Pro Se
1529 Pinebrook Ct Apt 2
Greenville, NC 27858
Phone: 762-622-0511
Email: harperdenece@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of _____, 2026, I mailed a true and correct copy of the foregoing Response to:

Cory P. Sims
Barrett Daffin Frappier Turner & Engel, LLP
2727 Paces Ferry Road SE
Building 1, Suite 750
Atlanta, GA 30339

Properly addressed with sufficient postage.

_____

Nikki M. Harper

PRESS FIRMLY TO SEAL

   

PRESS FIRMLY TO SEAL



# UNITED STATES POSTAL SERVICE®  |  PRIORITY® MAIL

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at *http://pe.usps.com*.

** See International Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

# FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP

# TRACKED ■ INSURED



PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2





US POSTAGE AND FEES PAID
PRIORITY MAIL IMI
Apr 15 2026
Mailed from ZIP 27858
PRIORITY MAIL
ZONE 4 FLAT–RATE ENV
10580954
Commercial

0638O011485628

endicia

**P**

## USPS PRIORITY MAIL

Nikki Harper
1529 PINEBROOK CT APT 2
GREENVILLE NC 27858

C065

Shipped using PostalMate
Pkg:380451



SHIP TO: Southern District of Georgia – Augusta Div.
Clerk of Court – United States District Court
600 James Brown Blvd
AUGUSTA GA 30901

### USPS TRACKING #



9405 5508 9956 2035 7935 81



  SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes. If exported from the US, shipper certifies that the commodities, technology or software were exported from the US in accordance with the US Export Administration Regulations. Diversion contrary to law is prohibited.