IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| NIKKI M. HARPER, | ) | CIVIL ACTION FILE NO.: |
| | ) | 1:25-CV-00203-JRH-BKE |
| Plaintiff, Pro Se, | ) | |
| | ) | |
| v | ) | |
| | ) | |
| BARRETT FINANCIAL LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT MAX EDWARD BOSWELL'S ANSWERS TO PLAINTIFF'S COMPLAINT

COMES NOW, Max Edward Boswell (misidentified as Taylor Max Boswell) in the above styled matter, and files this Defendant Max Edward Boswell's (herein identified as Defendant Boswell) Answers to Plaintiff's Complaint:

AFFIRMATIVE DEFENSES

FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted. Specifically, Plaintiff's suit alleges no cognizable claim against Defendant Boswell and should be dismissed under. Fed. R. Civ. P. 12(b)(6). In event that Plaintiff is seeking damages for fraud, the allegation has not been specifically pled sufficient information for Defendant Boswell to respond. The complaint fails to state a claim for fraud and should be dismissed under Fed. R. Civ. P. 12(b)(6).

SECOND DEFENSE

Plaintiff's Complaint lacks subject matter jurisdiction. Specifically, Plaintiff's suit incorporates references to the Federal Truth in Lending Act, 15 U.S.C. § 1601, Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 in a jurisdiction section but never elucidates how these statutes were violated. Plaintiff has no good faith reason to plea them, especially as applied to Defendant Boswell. Fed. R. Civ. P. 12(b)(1). Plaintiff has no good faith reason to plea an amount in controversy, especially as applied to Defendant Boswell. Fed. R. Civ. P. 12(b)(1).

### THIRD DEFENSE

Plaintiff's Complaint lacks subject matter jurisdiction. Specifically, Plaintiff seeks to plead diversity jurisdiction by alleging an amount in controversy in excess of $75,000.00 but also pleads amounts not recoverable. Plaintiff has no good faith reason to plea an amount in controversy, especially as applied to Defendant Boswell. Fed. R. Civ. P. 12(b)(1).

### FOURTH DEFENSE

Plaintiff lacks privity with Defendant Boswell. Specifically, at all times Defendant Boswell acted as a realtor representing the seller, Kathryn Nix French, in her sale of the property located 115 Carolyn Street, Sardis, Georgia. Defendant Boswell did not represent Plaintiff. Buyer had her own independent agent, Christina Schroder (misidentified as Christna Shroder) for VanderMorgan Realty. The real estate sales contract in this matter was between Kathryn Nix French and Plaintiff. At no time did Defendant Boswell represent the buyer or make warranties to the buyer.

In regards to the allegations of Plaintiff, Defendant Boswell responds as follows:

### ANSWER

## I: INTRODUCTION

Defendant Boswell admits that Plaintiff purchased a residence in Burke County, Georgia. Defendant Boswell denies that the transaction was tainted. Defendant Boswell denies that he misrepresented anything regarding the transaction. Defendant Boswell denies that he misrepresented facts, concealed hazards, used irregular documentation, including a "dual-contract" structure, or caused amendments to the contract to be executed without Plaintiff's written consent. Defendant Boswell is without information on whether the property is unaffordable for Plaintiff. Defendant Boswell denies possessing information on the safety of the property other than that which was disclosed to Plaintiff. Defendant Boswell denies offering warranties on the "safety" of the property.

Defendant Boswell denies possessing information on the condition of the HVAC unit. Defendant Boswell denies offering warranties on the condition of the HVAC unit.

Defendant Boswell is without information on the condition of Plaintiff's pets. Defendant Boswell is without information on the condition Plaintiff's adult sons except to say that they were not parties of the contract for the sale of the property and were not third-party beneficiaries under the contract.

Defendant Boswell is without information the residency of Plaintiff. Defendant Boswell is without information whether the property in question was foreclosed upon by the lender.

II. JURISDICTION AND VENUE

Defendant Boswell denies subject matter and diversity jurisdiction. Specifically, Defendant Boswell asserts that Plaintiff has included references to the Federal Truth in Lending Act, 15 U.S.C. § 1601, Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601solely to gain federal question jurisdiction when there is no federal question. Defendant Boswell asserts that Plaintiff has included a prayer for relief in the amount of $75,000.00 solely in order to gain

diversity jurisdiction where there is no reasonable basis to seek this amount. Defendant asserts that the claims should be dismissed as lacking sufficient jurisdiction under Fed. R. Civ. P. 12(b)(1)

Defendant Boswell denies that there is fraud and denies that fraud has been specifically pled in Plaintiff's Complaint. Defendant Boswell denies that Plaintiff has sufficiently pled negligent misrepresentation. Specifically, Defendant Boswell denies making any representations regarding the condition of the residence other than that which was obvious to the seller and buyer. In addition, Defendant Boswell denies that Plaintiff relied on Defendant Boswell's representations as Plaintiff has an independent realtor representing her interests and also had an independent home inspector to detail the condition of the residence.

III. PARTIES

Defendant Boswell denies knowledge of whether Plaintiff is a disabled U. S. army veteran.

Defendant Boswell cannot respond to the allegations against co-defendant party status.

Defendant Boswell admits that he, Mary Yelton Realty, and Anne Marie Kyser acted as listing agents for the seller. Defendant Boswell denies concealing "material property defects" as well as "rushing the transaction." Furthermore, Defendant Boswell asserts that at all times, Plaintiff has an independent realtor representing her interests.

IV. PRELIMINARY STATEMENT AND PATTERN OF ABUSE

Defendant Boswell cannot answer the allegations of these paragraphs as Plaintiff alleges nothing specific about Defendant Boswell. Defendant Boswell denies any "predatory practices and a disregard for a disabled veteran's safety and legal rights."

V. FACTUAL ALLEGATIONS

A. Loan Origination and E-Signature Fraud

Defendant Boswell cannot answer the allegations of these paragraphs as Plaintiff alleges nothing specific about Defendant Boswell.

B. Inspection, Appraisal, Closing Irregularities

Defendant Boswell denies that he "discouraged "deeper diligence and pushed for an accelerated closing timeline." Specifically, at all times, Plaintiff was represented by a buyer's agent. Defendant Boswell as seller's agent made no effort to discourage Plaintiff's diligence, as evidence by Plaintiff's own home inspection. Defendant Boswell denies having knowledge of any "accelerated closing timeline."

C. Hidden Defects and HVAC Failure

Defendant Boswell denies having knowledge of any alleged defect in the HVAC system.

D. Displacement, Health Crisis, and Family Harm

Defendant Boswell denies having knowledge of any of the alleged personal problems of Plaintiff in this paragraph. Defendant Boswell denies having knowledge of a representation regarding a delay in closing due to the death of Plaintiff's pet.

E. Attempts to Obtain Counsel and Access to Justice

Defendant Boswell denies having knowledge of Plaintiff's inability to retain counsel.

VI. CAUSES OF ACTION

COUNT I – FRAUD AND FRADULENT MISREPRESENTATION

Defendant Boswell denies any fraud. Defendant Boswell denies misrepresenting loan qualifications, and the habituality and value of the property, while concealing known defects including a failing HVAC system and structural/energy deficiencies. Specifically, Defendant Boswell made truthful representations on the condition of the property and Plaintiff was, at all

times, represented by her independent realtor who advised her on the property. In addition, Plaintiff has failed to allege a specific fraudulent act committed by Defendant Boswell.

COUNT II – NEGLIGENT MISREPRESENTATION

Defendant Boswell denies making any misrepresentations. Defendant Boswell denies caused an execution of a contract without Plaintiff's signature. Defendant Boswell denies adopting "inaccuracies or omissions." Defendant Boswell is without information on economic losses. Defendant Boswell denies that damages for emotional distress are recoverable in a "negligent misrepresentation" claim.

COUNT III – BREACH OF FIDUCIARY DUTY (BUYER'S AGENT/BROKER)

Defendant Boswell is unable to answer the allegations of this paragraph.

COUNT IV – NEGLIGENCE (INSPECTION, APPRAISAL, CLOSING)

Defendant Boswell is unable to answer the allegations of this paragraph as the allegations do not apply to this Defendant.

COUNT V – TRUTH IN LENDING ACT (TILA)

Defendant Boswell is unable to answer the allegations of this paragraph as the allegations do not apply to this Defendant. In the way of further pleading, Defendant Boswell asserts that the Truth in Lending Act applies to lenders and does not apply other parties to a real estate sales contract.

COUNT VI – REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA)

Defendant Boswell is without knowledge to respond to the allegations of this paragraph. Specifically, the has no knowledge of "servicing disputes and fraud notices." According to the allegations of this paragraph, Defendant Boswell was not a party to the allegation of this paragraph.

COUNT VII – FAIR HOUSING ACT (FHA) – INTERFERENCE/RETALIATION

Defendant Boswell is without knowledge to respond to the allegations of this paragraph. Specifically, the allegations of this paragraph are completely conclusory allegations with no specific allegation of "coercion, intimidation, or retaliation." Upon information and belief, Plaintiff has included the reference to the Fair Housing Act with no specific allegation of a violation as a specious attempt to gain a Federal jurisdiction where no such jurisdiction properly exists.

## COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Defendant Boswell denies the allegations of this paragraph. Specifically, Defendant Boswell denies seeking to intentionally inflict emotional distress. In addition, the tort claim for intentional infliction of emotional distress does not apply to real estate sales transactions. Defendant Boswell.

## COUNT IX- UNJUST ENRICHMENT

Defendant Boswell denies the allegations of this paragraph. Defendant cannot further respond to these allegations in that they are simple conclusory allegations with no specific allegations of "fraud or statutory violations."

## COUNT X- BREACH OF CONTRACT AND IMPLIED COVENANT

Defendant Boswell denies the allegations of this paragraph. Defendant cannot further respond to these allegations in that they are simple conclusory allegations with specific allegations of which contract was breached or how it is breached.

## VII. DAMAGES

Economic Losses: Defendant Boswell denies that Plaintiff is entitled to damages. In the way of further pleading, Defendant Boswell denies that can gain compensation for losses not contemplated in the contract.

Medical: Defendant Boswell denies that Plaintiff is entitled to damages. In the way of further pleading, Defendant Boswell denies that can gain compensation for losses not contemplated in the contract.

Non-economic: Defendant Boswell denies that Plaintiff is entitled to damages. In the way of further pleading, Defendant Boswell denies that can gain compensation for losses not contemplated in the contract.

VIII. PRAYER FOR RELIEF

Defendant Boswell cannot answer the allegations of this paragraph.

XI. JURY DEMAND

Defendant Boswell cannot answer the allegations of this paragraph.

X. VERIFICATION

Defendant Boswell cannot answer the allegations of this paragraph.

Having Answered the Allegations; Defendant Boswell prays:

    A. That this cause of action be dismissed and all costs of court and expenses be taxed against Plaintiff.

    B. That Defendant be afforded a trial by jury.

    C. That Defendant be awarded whatever relief is just an equitable.

This 16th day of April, 2026.

/S/ WILLIAM M. FLEMING
William M. Fleming
Attorney for Defendants

440 Greene Street
Augusta, Georgia 30901
(706) 722-1810 (Office)
(706) 722-1677 (Fax)
theflemingfirm@gmail.com
GA Bar No.: 263650

STATE OF GEORGIA    )

COUNTY OF RICHMOND   )

## **VERIFICATION**

 PERSONALLY APPEARED before me, the undersigned officer authorized by law to administer oaths, came Max Edward Boswell who being first duly sworn, deposes and says that the allegations of fact set forth in the within and foregoing Answer are true and correct to the best of his knowledge, information and belief.

               _____
               MAX EDWARD BOSWELL
               Defendant

SWORN TO AND SUBSCRIBED before me,
this 6th day of April, 2026.

_____
William M. Fleming
NOTARY PUBLIC, STATE OF GEORGIA
My Commission Expires: 08-30-2028

## CERTIFICATE OF SERVICE

I certify that I have this date served a copy of the DEFENDANT MAX EDWARD BOSWELL ANSWERS TO PLAINTIFF'S COMPLAINT, said service being made upon Plaintiff and Counsel for Defendants by U.S. First Class Mail and Electronic Mail (E-mail) as follows:

Nikki M. Harper
1529 Pinebrook Court, Apt. A2
Greenville, NC 27858
*HarperNikki969@gmil.com*

Nikki M. Harper
637 Toyota Drive
Ayden, NC 28513
*HarperNikki969@gmil.com*

Nikki M. Harper
115 Carolyn Street
Sardis, GA 30456
*HarperNikki969@gmil.com*

Jennifer R. Burbine
Attorney at Law
1075 Peachtree Street, N.E.
35th Floor
Atlanta, GA 30309-3900
*jburbine@mcguirewoods.com*

This 16th day of April, 2026.

/S/ WILLIAM M. FLEMING
William M. Fleming
Attorney for Defendants

440 Greene Street
Augusta, Georgia 30901
(706) 722-1810 (Office)
(706) 722-1677 (Fax)
theflemingfirm@gmail.com
GA Bar No.: 263650