IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

NIKKI M. HARPER,                    *
                                    *
        Plaintiff,                  *
                                    *
        v.                          *        CV 125-203
                                    *
BARRETT FINANCIAL LLC, et al.,      *
                                    *
        Defendants.                 *
                                    *
                                    *

_____

**O R D E R**

_____

Before the Court are Defendants All Star Home Inspections, LLC ("All Star") and Chuck Tolbert's motions for leave to file an out of time answer (Docs. 76, 77) and proposed answers (Docs. 74, 75), Plaintiff's motions for entry of default against Defendants All Star and Tolbert (Docs. 79, 80), Plaintiff's motion for extension of time and request for procedural accommodation (Doc. 81), and Defendant Stephen L. Sikes's motion to set aside default (Doc. 82).

## I. Motions for Leave to File an Out of Time Answer

Defendants All Star and Tolbert request to file an out of time answer because counsel for Defendants All Star and Tolbert did not receive this matter until "mid-to late April 2026." (Doc. 76, at 2; Doc. 77, at 2.) Defendants All Star and Tolbert argue that Plaintiff will not be prejudiced and that the motions are made in good faith. (Doc. 76, at 2; Doc. 77, at 2.) The Court

**GRANTS** Defendants All Star and Tolbert's motions to file an out of time answer (Docs. 76, 77) and construes their answers (Docs. 74, 75) as timely filed. As a result, Plaintiff's motions for entry of default against Defendants All Star and Tolbert (Docs. 79, 80) are **DENIED AS MOOT**.

## II. Motion for Extension of Time and Request for Accommodation

Plaintiff's motion for extension of time and request for procedural accommodation requests "an extension of thirty (30) days to respond to Defendants' pending [m]otions to [d]ismiss." (Doc. 81, at 2.) Plaintiff states "that additional time is necessary to adequately review the pending motions, organize documentary materials, prepare responses, and meaningfully participate in the litigation process." (Id. at 1.) Further, Plaintiff "requests reasonable procedural consideration regarding mailing delays, document volume, and disability-related processing limitations in order to ensure meaningful access to the litigation process" due to her "documented service-connected disabilities." (Id. at 2.) The Court extends each respective deadline to respond to the pending motions to dismiss that Plaintiff has not yet filed a response to. Specifically, the Court **GRANTS** Plaintiff an additional **THIRTY (30) DAYS** from the original deadlines to respond to the motions to dismiss by Defendants Barrett Financial LLC (Doc. 58); Findley, Edenfield & Green, LLC, Mark Green, and Danielle

2

Neath (Doc. 70); and Justin Bolin and VanderMorgan Realty (Doc. 73).

### III. Motion to Set Aside Default

Finally, the Court turns to Defendant Stephen L. Sikes's motion to set side default. (Doc. 82.) Federal Rule of Civil Procedure 55(c) provides, "[t]he court may set aside an entry of default for good cause." What constitutes "good cause" varies from case to case. Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) (citation omitted). To determine whether there is good cause, courts have considered, but are not limited to, factors such as "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." Id. (citations omitted). The Eleventh Circuit has "a strong preference for deciding cases on the merits – not based on a single missed deadline – whenever reasonably possible." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1332 (11th Cir. 2014). But overall, setting aside a default is "within the discretion of the district court." Robinson v. United States, 734 F.2d 735, 739 (11th Cir. 1984) (citation omitted). There is no set formula the Court is required to use, but it will consider the factors set forth above.

Defendant Sikes requests the Court set aside default because his default was not willful, setting aside will not prejudice Plaintiff, and he states a meritorious defense. (Doc. 82, at 3-

7.) Defendant Sikes argues that he promptly notified his insurance carrier when he was served, but his insurance carrier did not contact counsel for potential representation until after Plaintiff filed proof of service. (Id. at 1-2.) Defendant Sikes states that the delays were due to his insurance carrier investigating the claim and validity of Plaintiff's purported service and his counsel ensuring no conflicts existed or would arise among co-defendants. (Id. at 2.)

Using the factors set forth above, the Court finds it appropriate to set aside default. First, Defendant Sikes's default was not culpable or willful because he notified his insurance carrier one week after receiving the amended complaint. (Id. at 1.) Second, setting aside the default would not prejudice Plaintiff. The Court entered default on May 6, 2026, less than a week before Defendant Sikes's motion, and such a short delay is unlikely to impede discovery or result in loss of evidence. Thus, the Court does not discern any basis for finding that setting aside Defendant Sikes's default would prejudice Plaintiff. Finally, Defendant Sikes's claims to have meritorious defenses including that Plaintiff's allegations lack privity of contract with this Defendant and subject matter jurisdiction. (Id. at 5-7.) Thus, given the strong policy of determining cases on their merits and the corresponding disfavor of defaults, the Court finds the third factor also weighs in favor of setting aside Defendant Sikes's default. Because each of the Compania factors weigh in favor of

4

doing so, the Court finds good cause to set aside Defendant Sikes's default.

Upon due consideration, Defendants All Star Home Inspections, LLC and Chuck Tolbert's motions for leave to file an out of time answer (Docs. 76, 77) are **GRANTED**. Plaintiff's motions for entry of default against Defendants All Star Home Inspections, LLC and Chuck Tolbert (Docs. 79, 80) are **DENIED AS MOOT**. Plaintiff's motion for extension of time and request for procedural accommodation (Doc. 81) is **GRANTED**. Plaintiff's deadlines to respond are **EXTENDED** as follows: through and including **JUNE 17, 2026** to file a response to Defendant Barrett Financial LLC's motion to dismiss (Doc. 58); through and including **JUNE 18, 2026** to file a response to Defendants Findley, Edenfield & Green, LLC, Mark Green, and Danielle Neath's motion to dismiss (Doc. 70); through and including **JUNE 21, 2026** to file a response to Defendants Justin Bolin and VanderMorgan Realty's motion to dismiss (Doc. 73). Defendant Stephen L. Sikes's motion to set side default (Doc. 82) is **GRANTED**.

**ORDER ENTERED** at Augusta, Georgia, this _18th_ day of May, 2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

5