IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| NIKKI HARPER,<br><br>                          Plaintiff,<br><br>v.<br><br>BARRETT FINANCIAL LLC, et al.,<br><br>                          Defendants. | Civil Action No. 1:25-CV-00203-JRH-BKE |

## DEFENDANTS NATIONSTAR MORTGAGE LLC AND LAKEVIEW LOAN SERVICING, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COME Defendants Nationstar Mortgage LLC[1] ("Nationstar") and Lakeview Loan Servicing, LLC ("Lakeview") (collectively "Defendants"), by and through undersigned counsel, and hereby submit this Reply in support of their Motion to Dismiss the First Amended Complaint (the "FAC") filed by Plaintiff Nikki Harper ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6), stating as follows:

## I.     INTRODUCTION

Plaintiff's Response to Defendants' Motion to Dismiss ("Response"), ECF 72, fails to provide any support for her claims and further demonstrates the deficient

---

[1] Rocket Mortgage, LLC is successor by merger to Nationstar Mortgage LLC effective February 2, 2026.

1

nature of her claims. The Response simply reiterates the same unadorned and overly broad allegations of the FAC, which fail to satisfy the pleading requirements of *Iqbal*, *Twombly*, and Federal Rule 8 with respect to each of Plaintiff's claims. Plaintiff's attempt to reframe her allegations to fit into the necessary framework in response to Defendants' motion to dismiss, without more, fails to bolster the insufficient allegations in the FAC.  Furthermore, Plaintiff's Response fails to dispute or challenge Defendants' threshold argument in their Motion to Dismiss that Defendants are not proper parties to Counts II, IV, VI, VII, VIII, or IX. Plaintiff additionally does not challenge Defendants' arguments regarding the legal insufficiency of her claims against Defendants for violation of the Fair Housing Act (FHA), the Americans with Disabilities Act (ADA), civil conspiracy, or declaratory judgment, having apparently chosen to abandon those claims with respect to Defendants. Finally, Plaintiff's Response acknowledges that, despite asserting her RICO claim against the defendants generally, she does not in fact intend to assert the RICO claim against moving Defendants. For these reasons, and for the reasons set forth in Defendants' Motion, the Court should grant the Motion and dismiss the FAC as to Defendants in its entirety with prejudice pursuant to Rule 12(b)(6).

## II.   ARGUMENT AND AUTHORITIES

### A.   Plaintiff Fails to Allege Sufficient Facts.

Plaintiff erroneously insists that by merely alleging certain facts, which must be accepted as true at the motion to dismiss stage, she has met her pleading requirements. ECF 72 at p. 2. However, Plaintiff's FAC fails to make the necessary connection between the facts alleged and the causes of action that she is attempting to assert against Defendants to state a viable claim in this Court. It is not enough for Plaintiff to allege facts that must be accepted as true, those facts must be enough to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). While Plaintiff attempts to have the Court lower the required pleading standards based on her status as a *pro se* litigant, the Court cannot permit her to proceed with claims that fail as a matter of substantive law. *See Campbell v. Air Jam., Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014). Moreover, courts cannot "'rewrite an otherwise deficient pleading in order to sustain an action.'" *Id*. (quoting *GJR Invs., Inc. v. Cnty. Of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds as recognized in *Randall v. Scott*, 610 F.3d 701, 706 (11th Cir. 2010)).

Here, even accepting Plaintiff's factual allegations as true, she has failed to allege facts which could sustain any of the claims that she is attempting to bring

against Defendants, even when liberally construed based on Plaintiff's status as a *pro se* litigant. Therefore, Plaintiff's claims against Defendants should be dismissed.

**B.      Plaintiff Fails to State a Claim for Fraud.**

In the Motion to Dismiss, Defendants demonstrated that Plaintiff's fraud claim fails for these independent reasons: (1) failure to plead the allegations of fraud with sufficient particularity, (2) failure to attribute any responsibility to Defendants for the purportedly fraudulent conduct, and (3) failure to allege a fiduciary or confidential relationship with Defendants, which would place upon them a duty to disclose. ECF 34-1 at 7-9. While Plaintiff's Response attempts to the  allegations of the FAC into the requisite framework to establish the necessary elements to maintain a fraud claim under Georgia law, she continues to rely on broad and conclusory allegations which are insufficient to state a proper claim and satisfy the heightened pleading standards of Rule 9(b) for fraud claims. ECF 72 at p. 2. Federal law requires more than general notice pleading to sustain a claim for fraud at the motion to dismiss stage, instead requiring that the allegations of fraud be plead with particularity. *See* Fed. R. Civ. P. 9(b); *see also Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008) (noting under Rule 9(b) "it is sufficient to plead the who, what, when, where, and how of the allegedly false statements and then allege generally that those statements were made with the requisite intent").

In her Response, Plaintiff simply attempts to reiterate her inadequate and general allegations of fraud, which again fails to identify, with any degree of particularity, facts which could satisfy the elements of her claim for fraud. ECF 72 at 2. Plaintiff fails to identify the "who," instead resorting to her general allegation that "Defendants" defrauded her. *Id*. While Plaintiff identifies Nationstar's investigator, Kimberly Keeton, the FAC makes clear that Ms. Keeton merely corresponded with Plaintiff in an effort to investigate the allegations of fraud. *Id*.; ECF 29 at ¶¶ 55-60. Plaintiff's communications with Ms. Keeton are separate and distinct from the allegedly fraudulent representations. Plaintiff further contends that her allegations of general misrepresentation of material issues relating to the loan across a fifteen-month period of time are sufficiently particular to satisfy the pleading requirements of Rule 9(b). *Id*. However, Plaintiff's attempt to rebut Defendants' argument only further demonstrates that not only do her allegations fail to rise to the level of particularity required for a fraud claim, but that she also failed to identify any wrongdoing by Defendants whatsoever.

Furthermore, Plaintiff's Response fails to address the legal authority presented in Defendants' Motion to Dismiss that demonstrated Plaintiff's failure to allege sufficient facts to show that Plaintiff relied upon any purported misrepresentation by Defendants to her detriment. ECF 72 at p. 2. Plaintiff instead merely restates her perceived issues with the defendants' investigation of her

grievances with the construction of the Property and her original loan documents. *Id*. Nothing about the original construction or loan application can state a plausible claim sounding in fraud against the moving Defendants because they were completely uninvolved in those transactions and did not communicate with Plaintiff with respect thereto. Plaintiff's Response fails to call the Court's attention to any allegation in the FAC demonstrating that she relied to her detriment upon any false representation by *Defendants* and, accordingly, her claim for fraud must be dismissed for this additional, independent reason.

For all of these reasons, Plaintiff fails to state a viable fraud claim and this Court should dismiss that claim with prejudice, pursuant to Rule 12(b)(6).

## C.    Plaintiff Fails to State a Claim for RESPA Violations.

In its Motion to Dismiss, Defendants argued that Plaintiff failed to state a proper RESPA claim because a conclusory allegation, standing alone, that a "qualified written request" ("QWR") had been submitted is not sufficient to state a plausible claim for relief. ECF 34-1 at pp. 10-11. Legal authority in this circuit holds that a plaintiff intending to state a claim alleging a violation of 12 U.S.C. § 2605(e) may not rest upon mere conclusions that she submitted a QWR, but must actually allege specific facts that enable the Court to determine whether such correspondence qualifies as a QWR under the statute. *See Librizzi v. Ocwen Loan Servicing, LLC*, 120 F. Supp.3d 1368, 1379 (S.D. Fla. 2015) (citing 12 U.S.C. § 2605(e)(1)(B));

*Echeverria v. BAC Home Loans Servicing, LP*, 900 F. Supp.2d 1299, 1306 (M.D. Fla. 2012) ("[U]nder subsection (ii) a QWR must (1) give a statement of the reasons that the account was in error or (2) seek other information regarding the servicing of the loan.").

In her Response, Plaintiff fails to cite to any allegations in the FAC containing specific facts underpinning her RESPA claim. ECF 72 at p. 3. Instead, Plaintiff merely parrots the conclusory allegations of her FAC that she mailed a QWR and did not receive a satisfactory response. *Id*. At no point has Plaintiff identified when she submitted any purported QWRs, to whom they were submitted, what servicing errors the QWRs identified, or the manner in which any response was unsatisfactory. As the courts in *Librrizzi* and *Echeverria* held, Plaintiff's barren allegations fail to state a proper QWR-based RESPA claim.

Plaintiff's efforts to rebut Defendants' argument that she failed to state a claim for RESPA violations suffer from the same deficiencies as the RESPA claim itself. Plaintiff's argument is simply a recitation of the requirements for a RESPA claim based on the failure to respond to QWR supported by conclusory statements that Defendants failed to respond to the request. ECF 72 at p. 3. However, Plaintiff again fails to point to any factual allegations which could support such conclusory statements. *Id*. Absent allegations which demonstrate that Plaintiff sent Defendants a QWR, she cannot sustain a claim for violation of RESPA against Defendants.

Furthermore, Defendants' obligations to conduct a reasonable investigation under 12 U.S.C. § 2605(e) were not triggered in the absence of receipt by Defendants of a valid qualified written request. *Id*. at p. 4. Relatedly, while Defendants investigated Plaintiff's claims that she was defrauded, she cannot rely on RESPA to assert claims against Defendants based on the perceived failures of the investigation without establishing Defendants' receipt of a proper qualified written receipt. *Id*.

Despite Plaintiff's attempts to seek liability against Defendants under RESPA, the purported errors, specifically as they related to alleged fraudulent origination activity and construction defects, do not fall within the scope of a QWR under RESPA. A QWR must either identify errors with the servicing account or request information related to the servicing of the account. *Ranger v. Wells Fargo Bank N.A.*, 757 Fed. Appx. 896, 901 (11th Cir. 2018) (citing 12 U.S.C. § 2605(e)(1)). Despite her attempts to characterize it as such, Plaintiff's issues and complaints with Defendants' investigation into her allegations of fraud do not fall within the scope of a QWR under RESPA.

Plaintiff's Response further appears to argue that, despite the vast majority of her claims being centered and focused on actions that took place during the origination of her loan, Defendants are subject to liability in their role as servicers of that loan. ECF 72 at p. 3. Plaintiff contends that she placed Defendants on notice of purportedly fraudulent behavior and Defendants are subject to liability for

continuing to service and enforce the loan. *Id*. at 3-4. Plaintiff provides no legal authority supporting her ostensible contention that her allegations excuse her from her obligation to repay the loan that enabled her to purchase the Property. Moreover, Plaintiff's allegations and arguments make clear that Defendants did conduct an investigation of her concerns and provided the results of that investigation to the necessary parties. ECF 29 at ¶¶ 59-60. Plaintiff's frustration and disagreement with the results of the investigation cannot form the basis for a claimed violation of RESPA.

As Plaintiff continues to rely on bald, unsupported allegations and cannot point to any allegations in her FAC which show that she submitted any qualified written requests to Defendants, the claim for RESPA violations against Defendants must be dismissed.

**D.    Plaintiff's is not Entitled to Injunctive Relief.**

The Motion to Dismiss demonstrated that Plaintiff cannot state a viable claim for injunctive relief against Defendants because the allegations in her FAC fail as a matter of law, and Plaintiff therefore cannot demonstrate a likelihood of success on the merits of her claims. In her Response, Plaintiff argues that is not required to demonstrate a likelihood of success, only facts which demonstrate the potential harm she would suffer if the injunction is not issued. ECF 72 at p. 5. Plaintiff misunderstands the standard for injunctive relief, missing the mark and failing to

provide any support for the requested relief. Plaintiff's allegations fail to support any request for injunctive relief as to Defendants. Plaintiff's Response falls short of salvaging this inadequate claim and it fails to respond to Defendants' argument in any meaningful way. *Id.*

Critically, Plaintiff's bare assertions in the FAC fail to satisfy any of the required elements for requesting injunctive relief. ECF 34-1 at 22. Plaintiff's attempts in her Response to bolster her request for injunctive relief fail to provide support in demonstrating that she has a likelihood of success on the merits, which would entitle her to injunctive relief. ECF 72 at 5. Plaintiff's claims are entirely dependent on unsupported conclusions of law, which were halfheartedly reiterated in her Response, which states only that she "has alleged ongoing harm and risk." *Id.* Absent specific and supported allegations of fact which demonstrate a likelihood of success on the merits, Plaintiff is not entitled to the requested injunctive relief. Therefore, based on Plaintiff's deficient allegations and unsupported arguments in her Response, the Court should deny and dismiss her request for injunctive relief.

## III.   CONCLUSION

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request that this Court grant their Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss the First Amended Complaint against Defendants in its entirety with prejudice.

10

Dated: May 20, 2026                    Respectfully submitted,

                                       /s/ Steven J. Flynn
                                       Steven J. Flynn
                                       Georgia Bar No. 313040
                                       **TROUTMAN PEPPER LOCKE LLP**
                                       600 Peachtree Street NE, Suite 3000
                                       Atlanta, Georgia 30308
                                       Telephone: 404.870.4673
                                       Facsimile: 404.885.3900
                                       steven.flynn@troutman.com
                                       *Attorney for Defendants Nationstar*
                                       *Mortgage LLC and Lakeview Loan*
                                       *Servicing, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

NIKKI HARPER,

                Plaintiff,

v.

BARRET FINANCIAL LLC, et al.,

                Defendants.

Civil Action No. 1:25-CV-00203-JRH-BKE

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2026, I electronically filed the foregoing **DEFENDANTS NATIONSTAR MORTGAGE LLC AND LAKEVIEW LOAN SERVICING, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** and its attachments with the Clerk of the Court using the CM/ECF System and served a true and correct copy of same on all attorneys of record and to the following by First-Class Mail, postage prepaid, addressed to:

Nikki Harper
1529 Pinebrook Court, Apt. A2
Greenville, NC 27858
*Plaintiff Pro Se*

12

/s/ Steven J. Flynn
Steven J. Flynn
Georgia Bar No. 313040
Troutman Pepper Locke LLP
600 Peachtree Street NE, Suite 3000
Atlanta, Georgia 30308
Telephone: 404.870.4673
Facsimile: 404.885.3900
steven.flynn@troutman.com
*Attorney for Defendants Nationstar Mortgage LLC and Lakeview Loan Servicing, LLC*

13