IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

NIKKI M. HARPER,                          )
                                          )
            Plaintiff,                    )
                                          )
    v.                                    )        CV 125-203
                                          )
BARRETT FINANCIAL LLC, et al.,            )
                                          )
            Defendants.                   )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

The above-captioned case is before the Court because the time to effect service of process under Fed. R. Civ. P. 4 has expired, and not all Defendants have been served. As explained below, the unserved Defendants should be dismissed without prejudice.

## I.    Background

Plaintiff filed this case on September 2, 2025, and after her motions to proceed *in forma pauperis* ("IFP") were denied, she paid the full filing fee. (See doc. nos. 1, 2, 5, 9; Nov. 25, 2025 doc. entry.) Because she is proceeding *pro* se, in an Order dated December 3, 2025, the Court provided Plaintiff with basic instructions regarding the development and progression of this case. (Doc. no. 10.) The Court explained Plaintiff is responsible for serving Defendants in accordance with Federal Rule of Civil Procedure 4 and specifically informed Plaintiff, under Fed. R. Civ. P. 4(m), she had ninety days from the date of the Order to accomplish service and that failure to accomplish service could result in dismissal of individual Defendants or the entire case. (Id.) On March 13, 2026, the Court granted Plaintiff a sixty-day extension of time

to effect service but cautioned she should not expect further extensions of time absent compelling, unforeseen circumstances.  (See doc. no. 26.)

Rapidly approaching the end of the sixty-day extension to complete service, Plaintiff filed three motions related to service on Defendants Trevor Barrett, Dwayne Higdon, and Christina Schroder.[1]  Far from describing compelling, unforeseen circumstances, Plaintiff's three motions described standard service issues related to an inability to locate a defendant. (See doc. nos. 60-62.)  The Court denied Plaintiff's motions for alternative service by a method chosen by the Court as "appropriate," explaining Plaintiff was responsible for effecting service in accordance with the Federal Rules of Civil Procedure, including any applicable procedure available under Georgia law.  (See doc. no. 83.)  The Court granted one final extension, through and including June 1, 2026, for Plaintiff to effect service of process on Defendants Barrett, Higdon, and Schroder, and further explained that "should Plaintiff identify a method of service permitted under the Federal Rules of Civil Procedure and / or Georgia statutes that applies to this case, she may utilize such procedures on her own or seek court authorization as may be necessary."  (Id. at 5.)  Plaintiff's latest service motion asks for yet another unspecified extension of time to complete alternative service "reasonably calculated to provide notice." (Doc. no. 111.)

## II.    Discussion

As described above, the Court specifically informed Plaintiff multiple times about the service requirements of Fed. R. Civ. P. 4(m) and granted multiple extensions of the standard

---

[1]Defendant Dwayne LNU is identified as Dwayne Higdon in the First Amended Complaint. (Doc. no. 29, pp. 1, 4.)  The Court **DIRECTS** the **CLERK** to update Defendant Higdon's name on the docket.

ninety-day period to meet those requirements.  Waiting until the end of the extended service period, Plaintiff now asks for another extension of time to conduct some type of unidentified "alternative" service she claims will provide notice to - but not actually accomplish service on - the three unserved Defendants.  No doubt, Rule 4(m) empowers courts with discretion to extend the time for service when a plaintiff demonstrates good cause for failing to timely serve process or any other circumstances warrant an extension of time.  Henderson v. United States, 517 U.S. 654, 662-63 (1996); Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007); Horenkamp v. Van Winkle and Co., 402 F.3d 1129, 1132 (11th Cir. 2005).  Here, however, the Court has already exercised that discretion numerous times, Plaintiff has not shown good cause for failing to timely effect service, and the Court finds that no other circumstances warrant further extension of the service period.  Plaintiff merely asks for another extension of time to comply with the expired service deadline, and she offers no concrete details to show she actually intends to effect service of process in a statutorily permissible way.  Instead, she again describes run of the mill service problems with identifying a valid service address and asks for permission to effect service in an "alternative" way for which she offers no legal authority.  (See generally doc. no. 111.)

The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service.  Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action.  Horenkamp, 402 F.3d at 1132-33 (citing Advisory Committee Note to Rule 4(m), 1993 Amd.).  The record does not give any indication that any Defendant may be attempting to evade service.  Instead, it appears Plaintiff has simply been unable to identify a valid service address.

3

While the Court acknowledges Plaintiff's description of service efforts, she merely describes garden-variety inability to find a valid service address, not good cause for her failure to effect service or any reason to again extend the service period. (Doc. no. 111, pp. 1-4.) For example, Plaintiff describes difficulties arising from "ineffective or vacant addresses, changing brokerage affiliations [and] business structures." (Id. at 4.) To the extent Plaintiff alleges these unserved Defendants are related to business entities or other individuals who have already appeared, she does not describe *any* attempt to ask counsel whether they would accept service on behalf of these purportedly affiliated Defendants. Moreover, actual notice of a lawsuit does not excuse compliance with the requirements for service of process. See Laurent v. Potter, 405 F. App'x 453, 454 (11th Cir. 2010) (*per curiam*) (explaining "[a] defendant's actual notice is not sufficient to cure defectively executed service." (citation omitted)); Mfrs. Hanover Trust Co. v. Ponsoldt, 51 F.3d 938, 940 (11th Cir. 1995) (discussing Schnabel v. Wells, 922 F.2d 726, 728 (11th Cir. 1991) and proposition that actual notice does cure defective service of process); see also Griffin v. Philips, No. 4:22-cv-268, 2023 WL 129416, at *2 (S.D. Ga. Jan. 9, 2023) (collecting cases rejecting proposition "that a defendant's actual notice of a suit obviates need for service, pursuant to Rule 4").

Nor does it appear Plaintiff would not have the opportunity to litigate her claims, as the docket reflects attorneys have appeared, and pleadings have been filed, on behalf of the nineteen other named Defendants. Finally, the responsibility for effecting service stands firmly with Plaintiff. Kammona v. Onteco Corp., 587 F. App'x 575, 578 (11th Cir. 2014) (*per curiam*) (citing Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (*per curiam*)). The Court has repeatedly explained Plaintiff's service responsibilities to her and has provided multiple, lengthy extensions of the standard ninety-day service period. Once a *pro se* litigant

4

is in federal court, she must, as must all litigants, follow the Federal Rules of Civil Procedure and the Local Rules of this Court.  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (explaining *pro se* litigants must follow "relevant law and rules of court").

### III.    Conclusion

In sum, Plaintiff commenced this case nearly nine months ago, and even discounting the additional time attributed to resolving Plaintiff's IFP motions, Plaintiff has already been given the benefit of an extended time period well beyond ninety days for effecting service. The Court has warned Plaintiff more than once that failure to effect service would lead to dismissal of individual defendants or the entire case.  Plaintiff has not shown good cause for failing to timely effect service, and the Court finds that no other circumstances warrant any further extension of the service period.    Accordingly, the Court **REPORTS** and **RECOMMENDS** the motion for a further extension of time to effect "alternative" service be **DENIED**, (doc. no. 111), and Defendants Barrett, Higdon, and Schroder be **DISMISSED** without prejudice for failure to timely effect service.  See Charles v. Bradshaw, 782 F. App'x 991, 992 (11th Cir. 2019) (*per curiam*).

SO REPORTED and RECOMMENDED this 24th day of June, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA