IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AUG 14 2026

FILED

| | | |
|---|---|---|
| NIKKI M. HARPER, | * | |
| Plaintiff, | * | |
| v. | * | CV 125-203 |
| BARRETT FINANCIAL LLC, et al., | * | |
| Defendants. | * | |

**O R D E R**

Presently before the Court are Plaintiff's motion to file sur-reply (Doc. 114) and motion to amend complaint (Doc. 115), and multiple Defendants' motions to dismiss Plaintiff's original complaint and first amended complaint ("FAC") (Docs. 16, 33, 34, 44, 58, 70, 73, 85, 86, 97, 107). For the reasons set forth below, Plaintiff's motion to amend complaint is **GRANTED**, and Defendants' motions to dismiss and Plaintiff's motion to file sur-reply are **DENIED AS MOOT**.[1]

[1] A second amended complaint ("SAC") supersedes the operative complaint, thus rendering moot a motion to dismiss the FAC. See Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006). As such, Defendants' motions to dismiss the original complaint and FAC (Docs. 16, 33, 34, 44, 58, 70, 73, 85, 86, 97, 107) are **DENIED AS MOOT**. As a result, Plaintiff's motion for leave to file sur-reply to the motions to dismiss (Doc. 114) is also **DENIED AS MOOT**.

## I. BACKGROUND

Plaintiff initiated this action on September 2, 2025. (Doc. 1.) On January 30, 2026, the Court denied Plaintiff's motion for temporary restraining order and preliminary injunction. (Doc. 15, at 5.) Plaintiff filed her FAC on March 18, 2026. (Doc. 29.) She alleges she is a disabled United States Army veteran who used her Department of Veterans Affairs home loan benefit to purchase a residence at 115 Carolyn Street, Sardis, Georgia 30456 in January 2024. (Id. at 4, 9.) Further, Plaintiff alleges Defendants, including the property seller, a real estate agent, a home inspector, loan servicers, and others, collectively misrepresented facts, concealed hazards, used irregular documentation, and engaged in forgery during the buying process. (Id. at 4-5.) "These acts induced Plaintiff to close on an unaffordable and unsafe property." (Id.) In addition to the fraud allegations, Plaintiff states there were material defects not disclosed prior to closing such as the presence of five species of mold, a capped fireplace, a non-compliant electrical breaker box, structural breaches, flooding history, and more. (Id. at 6-7.) As a result of Plaintiff purchasing this defective property, she alleges she suffered financial harm that has "severely aggravated" her Post-Traumatic Stress Disorder and physical health. (Id. at 2.)

The following Defendants have filed motions to dismiss: Defendant Lakeview, Defendant United Wholesale Mortgage, Defendant

Nationstar, Defendant French, Defendant Barrett Financial, Defendant Findley, Edenfield & Green, Defendant Mark Green, Defendant Danielle Neath, Defendant Justin Bolin, Defendant VanderMorgan Realty, Defendant Chris Hardy, Defendant Hardy Appraisals, Defendant Stephen L. Sikes, and Defendant Tina Thornton. (Docs. 16, 33, 34, 44, 58, 70, 73, 85, 86, 97, 107). Defendants and Plaintiff have responded and replied to the various motions. (Docs. 27, 36, 51, 67, 72, 93, 98 - 101, 106, 112, 116, 117, 119, 129, 130, 135.) On June 5, 2026, Plaintiff filed a motion to amend the FAC. (Doc. 115.) Defendants Barrett Financial, Nationstar, and Lakeview responded in opposition, and Plaintiff replied multiple times. (Docs. 118, 124, 131, 133, 134.) The issues have been thoroughly briefed, and the motions are ripe for the Court's review.

## II. MOTION TO AMEND COMPLAINT

Plaintiff moves to amend her complaint "to provide the Court and all Defendants with a more detailed, specific, and precisely organized statement of facts and claims underlying this action." (Doc. 115, at 1.) She argues her "proposed amendment is timely, made in good faith, and will not prejudice any Defendant," and as such, none of the five Foman v. Davis, 371 U.S. 178 (1962) factors weigh against granting her leave to amend. (Id. at 1-2.) Defendants Barrett Financial, Nationstar, and Lakeview argue the

motion should be denied because Plaintiff fails to include a copy of the proposed amended complaint with her motion, making it difficult to determine if the amendment could be opposed on futility or other grounds. (Doc. 118, at 6-9; Doc. 124, at 5-6.) Defendants Lakeview and Nationstar also argue granting leave to amend would further delay the case and unduly prejudice them because they have already filed motions to dismiss. (Doc. 124, at 5.)

Plaintiff may no longer amend her complaint as a matter of course. See FED. R. CIV. P. 15(a)(1). Therefore, Plaintiff "may amend [her] pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Defendants have not provided written consent. Therefore, Plaintiff may only amend with the Court's leave. Leave to amend under Federal Rule of Civil Procedure 15(a) is generally given freely, but leave is not guaranteed. Foman, 371 U.S. at 182.

District courts are given "extensive discretion" to decide whether to allow an amended complaint. Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999) (citation omitted). In exercising its discretion, the Eleventh Circuit has set forth five factors for the district court to consider: (1) "undue delay," (2) "bad faith or dilatory motive on the part of the movant," (3) "repeated failure to cure deficiencies by amendments previously allowed," (4) "undue prejudice to the opposing party by virtue of

allowance of the amendment," and (5) "futility of amendment." Seiger ex rel. Seiger v. Philipp, 735 F. App'x 635, 637 (11th Cir. 2018) (citation omitted). These factors mirror those outlined in Foman. 371 U.S. at 182.

The Court notes Plaintiff is proceeding *pro se* and considers the motion with appropriate leniency. In re Unsolicited Letters to Fed. Judges, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000) (citations omitted) ("[C]ourts do and should show a lenience to *pro se* litigants not enjoyed by those with the benefit of a legal education.") She timely filed her motion to amend within sixty days of the first answer being filed pursuant to Local Rule 16.3. L.R. 16.3, SDGa. ("All motions in civil cases wherein a party seeks . . . to amend the pleadings under Federal Rule of Civil Procedure 15 shall be filed within sixty (60) days after issue is joined in the case by the filing of an answer."). While Plaintiff did not include a copy of the proposed amended complaint with her motion, she explained the details of the proposed changes. (Doc. 115, at 1, 3-4.) "A plaintiff who moves for leave to amend a complaint must either attach a copy of the proposed amendment to the motion or set forth the substance thereof." United States ex rel. 84Partners, LLC v. Nuflo, Inc., 79 F.4th 1353, 1363 (11th Cir. 2023) (citation and quotations omitted). The Court analyzes the Foman factors below.

**A. Undue Delay**

Defendants Lakeview and Nationstar argue granting Plaintiff's motion "would serve to further delay this case." (Doc. 124, at 5.) "The lengthy nature of litigation," without more, "does not justify denying the plaintiff[] the opportunity to amend the complaint." Bryant v. Dupree, 252 F.3d 1161, 1164 (11th Cir. 2001). The Court cannot conclude that Plaintiff's motion to amend, filed in June 2026, constitutes undue delay. This case has been active for less than one year. (Doc. 1.) Although there have been a multitude of filings in that short time, discovery was stayed by the Court's March 5, 2025 Order, and the case is still within the initial pleading stage. (Doc. 20, at 2.) Plaintiff seeks to provide "additional specificity" to her claims, "each supported by documentary evidence in [her] possession." (Doc. 115, at 2.) She also states she has not delayed seeking amendment, but rather, is a *pro se* litigant attempting to respond to Defendants' motions "in a complex multi-defendant case." (Id.) Given the information available, the Court finds there is no undue delay sufficient to deny Plaintiff leave to file her SAC.

**B. Undue Prejudice**

Defendant Barrett Financial maintains that it would be unfairly prejudiced because it has already moved to dismiss and granting the motion to amend may require Defendants to "face another round of fees and expenses" before the Court has determined

whether the amendment is adequate. (Doc. 118, at 12.) Defendants Nationstar and Lakeview make the same argument. (Doc. 124, at 5.) Plaintiff argues there is no undue prejudice because discovery is stayed and all Defendants will have a full opportunity to respond to the SAC. (Doc. 115, at 2.)

"Prejudice is likely to exist if the amendments involve new theories of recovery or would require further discovery." Carter v. HSBC Mortg. Servs., Inc., 622 F. App'x 783, 786 (11th Cir. 2015) (citation omitted). Courts are also likely to find undue prejudice where the motion to amend is filed after discovery is substantially completed. See, e.g., Thurmond v. Bayer Healthcare Pharms., Inc., 649 F. App'x 1003, 1005 (11th Cir. 2016) (affirming denial of motion to amend when plaintiff filed motion three months after the close of discovery); West v. Temple, No. 5:14-CV-86, 2016 WL 4087108, at *3 (M.D. Ga. July 29, 2016) (denying plaintiff's fifth motion to amend following numerous discovery motions and requests). But see Glen v. Galardi S. Enters., No. 1:13-cv-3670, 2015 WL 1308258, at *6 (N.D. Ga. Mar. 23, 2015) (finding motion to amend justified under Rule 15(a)(2) before discovery was initiated).

Here, the filings indicate that discovery was in its early stages before it was stayed in March 2026. (Doc. 20, at 2.) As a result, the Court finds the impact of the SAC on discovery is minimal. Further, Defendants' arguments are not significant, as

it is common for courts to allow amendment while there are outstanding dispositive motions based on the operative complaint. See, e.g., Lee v. Correct Care Sols., LLC, No. CV 119-012, 2019 WL 5390000, at *1 (S.D. Ga. Oct. 21, 2019). This is particularly true for *pro se* plaintiffs, who are generally afforded more flexibility in amending their complaints. See Carter, 622 F. App'x at 786 (citations, quotations, and emphasis omitted) ("A *pro se* plaintiff . . . must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice, at least where a more carefully drafted complaint might state a claim.") As such, the Court finds allowing Plaintiff to amend would not unduly prejudice Defendants.

**C. Bad Faith, Repeated Failure to Cure Deficiencies, and Futility**

Defendants Barrett Financial, Nationstar, and Lakeview do not argue Plaintiff acted in bad faith or repeatedly failed to cure deficiencies in prior amendments. (See Doc. 118, 124.) As such, the Court finds these factors do not weigh in favor of denying the motion to amend.

As to futility, Defendant Barrett argues Plaintiff's failure to attach the proposed SAC makes it impossible to review futility but based on the details Plaintiff provided in her motion, Defendant Barrett believes the amendment "would still face dismissal" for the reasons in its motion to dismiss. (Doc. 118, at 8.) Plaintiff argues her amendment is not futile because her

SAC will "provid[e] detailed, specific factual allegations organized by [D]efendant and by claim, including the who, what, when, where, and how of each Defendant's role in the fraudulent conduct at issue." (Doc. 115, at 2.)

The Court finds it cannot determine that the amendment would be futile based on the details Plaintiff provided. (See id. at 2-4.) Because of the complexity of the case, the Court is hesitant to find Plaintiff's amendment would be futile in its entirety against every Defendant. The general rule in the Eleventh Circuit applies: "[w]hen it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it with prejudice." Jemison v. Mitchell, 380 F. App'x 904, 907 (11th Cir. 2010) (citation omitted). Given the above, Plaintiff's motion to amend complaint (Doc. 115) is **GRANTED**.

## III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion to amend complaint (Doc. 115) is **GRANTED**, all motions to dismiss Plaintiff's original complaint and FAC (Docs. 16, 33, 34, 44, 58, 70, 73, 85, 86, 97, 107) are **DENIED AS MOOT**, and Plaintiff's motion for leave to file sur-reply (Doc. 114) is **DENIED AS MOOT**. Plaintiff is **HEREBY ORDERED** to file her second amended complaint

within **FOURTEEN (14) DAYS** of the date of this Order. Failure to comply with this instruction can result in sanctions, including dismissal of the case. L.R. 41.1, SDGa.

**ORDER ENTERED** at Augusta, Georgia, this 14th day of August, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA