**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | |
|---|---|
| NIKKI HARPER,<br><br>Plaintiff,<br><br>v.<br><br>BARRETT FINANCIAL LLC, et al.,<br><br>Defendants. | Civil Action No. 1:25-CV-00203-JRH-BKE |

**DEFENDANTS NATIONSTAR MORTGAGE LLC AND LAKEVIEW LOAN SERVICING, LLC'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Civil Rule 7.5, Defendants Nationstar Mortgage LLC[1] ("Nationstar") and Lakeview Loan Servicing, LLC ("Lakeview") file this reply brief in support of their motion to dismiss the *Second Amended Complaint* (ECF 148) filed by *pro se* Plaintiff Nikki Harper ("Plaintiff"), respectfully showing this Honorable Court as follows:

## REPLY

As Plaintiff's response to Nationstar and Rocket's motion to dismiss (ECF 173) concedes, Nationstar and Lakeview are "the current servicer" of Plaintiff's mortgage loan and "the current holder of [Plaintiff's] security deed," respectively. ECF 173, p. 2 (alteration supplied). Plaintiff's Second Amended Complaint largely consists of allegations corresponding to alleged fraud and other defects in the *origination* of Plaintiff's mortgage loan in January 2024, which neither Nationstar nor Lakeview had any involvement with. *See* ECF 148, p. 20, ¶ 75. Each of Plaintiff's

[1] Rocket Mortgage, LLC is successor by merger to Nationstar Mortgage LLC effective February 2, 2026.

claims for relief against Lakeview and Nationstar is predicated upon Plaintiff's contention that Lakeview and Nationstar have somehow improperly continued to hold Plaintiff's loan (with respect to Lakeview) and service Plaintiff's loan (with respect to Nationstar), despite Plaintiff's claim that her loan was fraudulently originated. *See* ECF 173, pp. 2-3 ("Whether these Defendants knew or should have known of the origination fraud when they acquired and serviced [Plaintiff's] loan is a question of fact for discovery, not one to be resolved on the pleadings."). However, Plaintiff's allegations of fraud arising out of the origination of the loan cannot state a viable claim against Nationstar or Lakeview because, as shown by the allegations of the Second Amended Complaint, neither Nationstar nor Lakeview played any role in the origination of Plaintiff's loan. Further, as set forth below and in Nationstar and Lakeview's corresponding motion to dismiss (ECF 161), none of the claims asserted by Plaintiff against Nationstar or Lakeview state a viable claim for relief.

First, Plaintiff's claim against Nationstar for the alleged violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) ("FCRA") is facially deficient because Plaintiff, in addition to not specifying what information contained within her credit reports she was actually disputing, fails to allege that Nationstar received notification of Plaintiff's dispute *from a credit reporting agency*. *See* ECF 148, pp. 35-36, ¶¶ 112-115. 15 U.S.C. § 1681s-2(b) (a provision of the FCRA) "can be enforced through a private right of action, but only if the furnisher received notice of the consumer's dispute from a consumer reporting agency." *Peart v. Shippie*, 345 Fed. App'x 384, 386 (11th Cir. 2009). Because Plaintiff's Second Amended Complaint contains no allegation that Nationstar received notice of her credit reporting dispute(s) from a credit reporting agency. Plaintiff's FCRA claim fails as a matter of law and should be dismissed.

Second, Plaintiff's claims for declaratory and injunctive relief are subject to summary dismissal because Plaintiff cannot simultaneously seek to maintain ownership of the property that

she purchased utilizing the proceeds of her allegedly fraudulent loan, while simultaneously seeking to retain possession of the secured property. *See Bazemore v. U.S. Bank, N.A.*, 167 F.Supp.3d 1346, 1357 (N.D. Ga. Mar. 8, 2016) ("In the present case, Plaintiffs have not alleged that they tendered the amounts loaned to them and due under the Note, and therefore are not entitled to equitable relief through declaratory judgment under either Georgia law or TILA."). Further, to obtain a declaratory judgment under Georgia law, "'a party must establish that [a declaratory judgment] is necessary to relieve himself of the risk of taking some future action that, without direction, would jeopardize his interests.'" *Milani v. One West Bank FSB*, 491 Fed. App'x 977, 979 (11th Cir. 2012) (quoting *Porter v. Houghton*, 273 Ga. 407, 542 S.E.2d 491, 492 (2001)); *see also Pendergrass v. Capital One Bank, N.A.*, 2014 WL 12520029, at *9 (N.D. Ga. Dec. 10, 2014) (analyzing federal Declaratory Judgment Act) ("Indeed, '[t]he purpose of the Declaratory Judgment Act is to settle "actual controversies" *before* they ripen into violations of law,' not after the purported violations have already occurred." (internal quotations omitted) (emphasis in original). Here, because Plaintiff indisputably received the proceeds of the loan at issue and utilized those proceeds to purchase the subject real property (which Plaintiff maintains ownership of to this day), there is no active case or controversy between Nationstar, Lakeview, and Plaintiff concerning the loan or the property, and Plaintiff's requests for declaratory relief should therefore be dismissed. Similarly, for the same reasons previously stated by the Court in its Order denying Plaintiff's motion for a temporary restraining order on January 30, 2026 (ECF 15), Plaintiff's motion for injunctive relief should likewise be denied.

Third, Plaintiff's RESPA claim (alleging that Nationstar and Lakeview failed to adequately respond to Plaintiff's requests for "validation of her debt and for her complete loan file") fails as a matter of law because Plaintiff has not established that she sent a proper qualified written request to Nationstar (the servicer of her loan) or Lakeview. "A QWR must include request for information

about the servicing of the loan, not complaints about the disclosures or nondisclosures made at the time of the closing." *Jones v. Vericrest Financial, Inc.*, 2011 WL 7025915, at *16 (N.D. Ga. Dec. 7, 2011). "As one court explained, it is not sufficient for a plaintiff to allege that a letter sent to a servicer merely requested information about the loan in general; the letter must request information specifically about the servicing of the loan in order to qualify as a QWR…" *Id.* (citing *MorEquity v. Naeem*, 118 F.Supp.2d 885, 901 (N.D. Ill. 2000)). Here, Plaintiff's Second Amended Complaint contains no allegations establishing that Plaintiff sent a valid QWR to Nationstar or Lakeview, nor has Plaintiff attached her alleged correspondence as an exhibit to her pleading. Accordingly, Plaintiff's RESPA claim should be dismissed for failure to state a claim.

Fourth, Plaintiff's civil RICO claims against Nationstar and Lakeview fail because Plaintiff's Second Amended Complaint does not allege any *facts* demonstrating that either Lakeview or Nationstar, the current owner of Plaintiff's Loan and the current servicer of the Loan, respectively, were participants in an "enterprise" with the other defendants "to induce Plaintiff…to close on the…[L]oan and to profit from that transaction," as alleged in the Second Amended Complaint. *See* ECF 148, ¶ 100 (alterations supplied). To the contrary, the Second Amended Complaint alleges that Nationstar and Lakeview became involved with the Loan only *after* all of the allegedly fraudulent actions (according to Plaintiff) associated with the origination of the Loan occurred. Further, "Plaintiffs who rely on fraud claims…must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b)." *Smith v. HSBC Bank USA, N.A.*, 2017 WL 3840273, at *4 (S.D. Ga. Sept. 1, 2017). "That means alleging: '(1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiff[ ]; and (4) what the Defendants gained by the alleged fraud." *Id.* (alteration supplied) (quoting *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007)). Plaintiff's Second Amended

Complaint falls far short of this pleading standard, particularly with respect to Nationstar and Lakeview. Plaintiff's RICO claims should be dismissed.

Fifth, Plaintiff's breach of contract claim against Nationstar consists of a single allegation that Nationstar, "as holder and servicer, took and enforced a loan contract that was breached at origination and breached its own servicing obligations." ECF 148, p. 43, ¶ 130(f). This vague allegation of an "inherited" breach allegedly committed by another party in connection with the origination of Plaintiff's is insufficient to state a claim for relief against *Nationstar*, whose only role in this matter was in its capacity as the servicer of Plaintiff's loan. Plaintiff's breach of contract claim against Nationstar should be dismissed.

Sixth, as noted in Nationstar and Lakeview's motion to dismiss, "[t]o recover damages for a civil conspiracy claim, a plaintiff must show that two or more persons, acting in concert, engaged in conduct that constitutes a tort." *Mustaqeem-Graydon v. SunTrust Bank*, 258 Ga.App. 200, 207, 573 S.E.2d 455, 461 (2002). "'Absent the underlying tort, there can be no underlying liability for civil conspiracy.'" *Id.* (quoting *O'Neal v. Home Town Bank of Villa Rica*, 237 Ga.App. 325, 330, 514 S.E.2d 669, 675 (1999)). Here, Plaintiff has not alleged that Lakeview or Nationstar participated in any tortious conduct against Plaintiff, and no tort claim has been asserted against Lakeview or Nationstar in this case. *See generally* ECF 148 (Second Amended Complaint). Accordingly, Plaintiff's claim against Nationstar and Lakeview for civil conspiracy should be dismissed.

## CONCLUSION

Based on the foregoing, and for the reasons stated in Nationstar and Lakeview's Motion to Dismiss (ECF 161), the Court should grant this motion and dismiss Plaintiff's Second Amended Complaint (ECF 148) with respect to Nationstar and Lakeview for failure to state a claim upon which relief can be granted.

Dated: October 7, 2026

Respectfully submitted,

*/s/ Steven J. Flynn*
Steven J. Flynn
Georgia Bar No. 313040
**TROUTMAN PEPPER LOCKE LLP**
600 Peachtree Street NE, Suite 3000
Atlanta, Georgia 30308
Telephone: 404.870.4673
Facsimile: 404.885.3900
steven.flynn@troutman.com
*Attorney for Defendants Nationstar Mortgage LLC and Lakeview Loan Servicing, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2026, I served the foregoing **DEFENDANTS NATIONSTAR MORTGAGE LLC AND LAKEVIEW LOAN SERVICING, LLC'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** by filing with the Court through the CM/ECF system, which will automatically provide electronic service on all counsel of record, and served a true and correct copy of same on all attorneys of record and to the following by First-Class Mail, postage prepaid, addressed to:

Nikki Harper
1529 Pinebrook Court, Apt. A2
Greenville, NC 27858
*Plaintiff Pro Se*

*/s/ Steven J. Flynn*
Steven J. Flynn
Georgia Bar No. 313040
*Attorney for Defendants Nationstar Mortgage LLC and Lakeview Loan Servicing, LLC*