**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | |
|---|---|
| NIKKI M. HARPER,<br><br>Plaintiff,<br><br>v.<br><br>BARRETT FINANCIAL GROUP, LLC; TINA THORNTON; UNITED WHOLESALE MORTGAGE; MR. COOPER LOANS / NATIONSTAR MORTGAGE; LAKEVIEW LOAN SERVICING; MARY YELTON REALTY, LLC d/b/a BOSWELL REALTY; MAX BOSWELL; ANNE MARIE KYZER; VANDERMORGAN REALTY; JUSTIN BOLIN; FINDLAY, EDENFIELD & GREEN, LLC; MARK GREEN; DANIELLE NEEF; ALL STAR HOME INSPECTIONS, LLC; CHUCK TOLBERT; KRIS HARDY d/b/a HARDY APPRAISALS; STEVEN SIKES; and KATHERINE NIX FRENCH,<br><br>Defendants. | CIVIL ACTION<br><br>FILE NO. 1:25-cv-00203-JRH |

**DEFENDANTS VANDERMORGAN REALTY, LLC'S AND JUSTIN BOLIN'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants VanderMorgan Realty, LLC ("VanderMorgan") and Justin Bolin ("Mr. Bolin") (together, the "VanderMorgan Defendants"),

pursuant to Local Rule 7.6, submit this reply in support of their Motion to Dismiss (Doc. 155) and in response to Plaintiff Nikki M. Harper's Response in Opposition (Doc. 172).

**INTRODUCTION**

Plaintiff's Response confirms why the Second Amended Complaint ("SAC") should be dismissed. On the two claims where the law is clearest, Plaintiff surrenders: she "does not press the Section 8 claim against the VanderMorgan Defendants" (Count Four), and she "does not press a common-law fiduciary-duty theory" (Count Ten). For the remainder, Plaintiff does not defend the four corners of her pleading. She defends a different case — one built on a new "electronic-signature alteration" narrative and three exhibits that appear nowhere in the SAC. But a plaintiff "may not amend her complaint through argument in a brief." (*Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312 (11th Cir. 2004)) Stripped of the material she may not add now, the SAC pleads no facts imputing Christina Schroder's ("Schroder") conduct to the VanderMorgan Defendants, no control by VanderMorgan over Schroder's work, and no actionable conduct by Mr. Bolin. The motion should be granted.

## ARGUMENT AND CITATION OF AUTHORITY

### I. Plaintiff Concedes the RESPA Claim (Count Four) and Abandons Her Common-law Fiduciary-duty Claim (Count Ten).

Plaintiff expressly states that she "does not press the Section 8 claim against the VanderMorgan Defendants on the present record." (Doc. 172. p. 6) Count Four of the SAC should therefore be dismissed as to the VanderMorgan Defendants. Plaintiff's reservation of "leave to amend" if discovery later reveals a fee cannot preserve the claim, because any RESPA § 8 claim is time-barred as a matter of law: an action under § 2607 must be brought within one year of the violation, 12 U.S.C. § 2614, and that period is measured from the closing. (*Washington v. LaSalle Bank Nat. Ass'n*, 817 F. Supp. 2d 1345 (S.D. Fla. 2011)) The transaction closed January 9, 2024; the one-year period expired January 9, 2025, months before Plaintiff filed even her original complaint. Amendment would be futile.

Plaintiff likewise acknowledges that BRRETA provides a broker shall not be deemed to have a fiduciary relationship with a party and "does not press a common-law fiduciary-duty theory". (Doc. 172. p. 8) That concession disposes of Count Ten as plead. O.C.G.A. § 10-6A-4(a); *Killearn Partners, Inc. v. Se. Props., Inc.*, 279 Ga. 144, 611 S.E.2d 26 (2005). Plaintiff's effort to recast Count Ten as a claim for breach of BRRETA's statutory ordinary-care duties is a new theory raised for the first time in her brief and cannot be

considered. (*Gilmour v. Gates, McDonald & Co.,* supra.) Even if it could, BRRETA's enumerated duties are keyed to the broker's *actual knowledge* and require only reasonable care in the specified statutory tasks, O.C.G.A. § 10-6A-7 — not the conduct Plaintiff alleges — and BRRETA is strictly construed as a statute in derogation of the common law. (*Killearn Partners, Inc. v. Se. Props., Inc.*, supra.)

## II. The Court Should Decide This Motion on the Second Amended Complaint and Should Disregard Plaintiff's New Allegations and Extrinsic Exhibits.

Plaintiff's opposition rests largely on matters outside the SAC: a narrative asserting that Mr. Bolin's electronic-signature account was used to "alter" the fireplace amendment, and three new exhibits — an amendment, an FHA amendatory clause, and a closing disclosure. (Plaintiff's Response in Opposition to Defendants VanderMorgan Realty, LLC And Justin Bolin's Motion to Dismiss the Second Amended Complaint (DOC. 155 pp. 4, 9). None of this can defeat the motion.

A plaintiff cannot amend through a brief. In this Circuit, "[a] plaintiff may not amend her complaint through argument in a brief," (*Gilmour v. Gates, McDonald & Co.*, supra.) and "facts contained in a motion or brief cannot substitute for missing allegations in the complaint." (*Jackson v. Buttigieg*, No. 1:21-CV-03738-AT-LTW, 2023 WL 12088745 (N.D. Ga. June

16, 2023)) The rule applies with full force to a pro se plaintiff: "[f]or her complaint to state a claim, Plaintiff needs to include all pertinent factual allegations *in the complaint*." (*McWhorter v. TransUnion, LLC*, No. 1:21-CV-01753-SDG-LTW, 2021 WL 8268164 (N.D. Ga. Aug. 16, 2021)) To the extent Plaintiff's alteration theory and statutory-duty theory appear only in Doc. 172 and not in the SAC, the Court should not consider them. (*Jackson v. Buttigieg*, supra.)

Plaintiff's exhibits are outside the pleadings. A court deciding a Rule 12(b)(6) motion "ordinarily may not look beyond the pleadings"; it may consider an attached document only if it is central to the claim and its authenticity is undisputed, and that same limit governs exhibits a party attaches to an *opposition*. (*Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 945 F.3d 1150 (11th Cir. 2019)) Plaintiff's exhibits do not satisfy that test, and a non-movant cannot convert a motion to dismiss into one for summary judgment simply by attaching extrinsic material to her response — a proposition this Court has already rejected as one that would let plaintiffs subvert the purpose of Rule 12(b)(6). (*United States ex rel. Dixie Commc'ns Sys., Inc. v. Travelers Cas. & Sur. Co. of Am.*, No. CV 118-210, 2019 WL 4644247 (S.D. Ga. Sept. 23, 2019)) The Court should decline to consider the exhibits and should not convert the motion. (*Wright v. Jones*, No. 3:23-CV-

1108-MMH-SJH, 2025 WL 2482252 (M.D. Fla. Aug. 28, 2025)) Plaintiff's pro se status does not change the analysis: liberal construction does not permit a court to "rewrite an otherwise deficient pleading in order to sustain an action." (*Simpson v. US Veterans Admin.*, 582 F. Supp. 3d 1120 (S.D. Ala. 2022)) and "pro se status will not salvage a complaint devoid of facts supporting the plaintiffs' claims." (*Miller v. Bank of New York Mellon*, 228 F. Supp. 3d 1287 (M.D. Fla. 2017))

## III. On The Face of the Pleadings, VanderMorgan Is Not Answerable for Schroder's Alleged Conduct.

Plaintiff argues that whether Schroder was subject to VanderMorgan's control is a disputed fact that cannot be resolved now. (DOC. 172 p. 3) The argument misapprehends the motion. The VanderMorgan Defendants do not ask the Court to resolve a factual dispute; they ask the Court to apply the rule that a brokerage is not vicariously liable for the torts of an independent-contractor licensee, O.C.G.A. § 51-2-4; (*O'Dell v. Mahoney*, 324 Ga. App. 360, 750 S.E.2d 689 (2013)), to a complaint that pleads *no facts* of control at all.

The dispositive document is the one Plaintiff herself signed. The Exclusive Buyer Brokerage Engagement Agreement ("Brokerage Agreement") — central to Plaintiff's claims and unchallenged as to authenticity — recites that "all affiliated licensees of Broker are independent

contractors of Broker." (Ex. B, § C.7(m).) The Court may consider that agreement without converting the motion. (*Horsley v. Feldt*, 304 F.3d 1125 (11th Cir. 2002)) Taking the SAC as true, Plaintiff alleges nothing showing that VanderMorgan controlled the time, manner, or method of Schroder's work — the "chief test" for vicarious liability. (*Ross v. Ninety-Two W., Ltd.*, 201 Ga. App. 887, 412 S.E.2d 876 (1991)) Georgia courts have repeatedly held a brokerage not answerable for an affiliated agent's alleged misrepresentations on precisely these facts. (*O'Dell v. Mahoney,* supra; *Ross v. Ninety-Two W., Ltd.*, supra.)

Plaintiff's attempt to turn the Independent Contractor Agreement ("ICA") into a document "of control," and to argue that its durational language makes it "disputed," changes nothing. (DOC. 172 p. 3) The Court need not resolve any dispute about the ICA, because the independent-contractor relationship is established by the signed Brokerage Agreement and by the *absence* of any control allegations in the SAC. Whether or not the Court considers the ICA, the result is the same.

## IV. Mr. Bolin Is Not Answerable, And O.C.G.A. § 43-40-18 Does Not Rescue Plaintiff's Claim.

The only conduct the SAC attributes to Mr. Bolin personally — that he was the qualifying broker, supervised Schroder, served on a real estate board, engaged the closing firm, and owned the electronic-signature account through

which documents were processed — is not itself tortious. Georgia law does not impose vicarious liability on a broker for an independent-contractor licensee's alleged acts, O.C.G.A. § 51-2-4; and the Brokerage Agreement confirms that the broker and its licensees are "deemed to have only actual knowledge," with no knowledge imputed between them. (Ex. B, § C.7(n).)

Plaintiff's reliance on O.C.G.A. § 43-40-18 is misplaced. That statute is a licensing and disciplinary provision governing a broker's regulatory accountability to the Georgia Real Estate Commission; it is not a private civil cause of action or a basis for tort liability. O.C.G.A. § 43-40-18 also provides: "No provision of this subsection shall be construed as altering the provisions of Code Section 43-40-30.1." O.C.G.A. § 43-40-30.1, in turn, provides: "Nothing contained in this chapter shall be construed as establishing an employer-employee or broker-independent contractor relationship between licensees. Whether brokers and their affiliated licensees establish employer-employee or broker-independent contractor relationships shall be at the discretion of the licensees." Moreover, O.C.G.A. § 43-40-18 imposes responsibility only where the broker lacked reasonable supervisory procedures and "participated in the violation" or "ratified it," (O.C.G.A. § 43-40-18), and the SAC pleads no facts of participation or ratification by Mr. Bolin. Plaintiff's own brief confirms the gap: she says the "audit trails

will resolve" whether Bolin participated in any alteration — an admission that she has not pleaded it, but hopes to discover it. (DOC. 172 p. 4) That is not a basis to proceed. (*Miller v. Bank of New York Mellon*, supra.)

**V. Each Defended Count Independently Fails.**

**1. Counts One and Two (RICO and RICO conspiracy) Fail.**

Because the alleged predicate acts sound in fraud, the RICO allegations must satisfy Rule 9(b) and identify each defendant's own predicate acts; Plaintiff's brief concedes that "the enterprise, continuity, or predicate-act particularity as to these Defendants requires further development." (DOC. 172 p. 6) That amounts to an admission by Plaintiff that the SAC does not presently plead these elements with enough particularity to survive a motion to dismiss. Further, Plaintiff's brief also confirms that the alleged actions consisted of a single scheme ("the steering of Plaintiff") against a single victim ("Plaintiff"). *Id.* As a result the SAC fails to establish RICO's pattern and proximate-cause requirements, and the conspiracy count falls with the substantive count.

**2. Count Six (Fair Housing Act) Fails.**

Plaintiff must plausibly allege intentional discrimination and that race or disability was a but-for cause of a contractual injury. (*Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 140 S. Ct. 1009, 206 L.

Ed. 2d 356 (2020); *Ziyadat v. Diamondrock Hosp. Co.*, 3 F.4th 1291 (11th Cir. 2021)) Her theory that the transaction's professionals formed an "all-Caucasian network and that Moving Defendants pressed her despite her having PTSD pleads no comparator and no overt invocation of race or disability, and are precisely the kind of conclusory allegations that do not survive dismissal. (*Henderson v. JP Morgan Chase Bank, N.A.*, 436 F. App'x 935 (11th Cir. 2011); *Ziyadat v. Diamondrock Hosp. Co.*) Plaintiffs' imputed-knowledge argument does not cure the defect either. The Brokerage Agreement's contextual definition of "Broker" governs the broker's contractual duties; it does not impute a licensee's knowledge to the broker for purposes of an intentional-discrimination tort.

**3. Fraud and Negligent Misrepresentation (Counts Seven and Eight) Fail.**

Fraud must be plead with particularity as to each defendant, and Plaintiff identifies no false representation made by VanderMorgan or Mr. Bolin. The only representations plead were made by Schroder, whose conduct is not imputed to them. (*Gilmour v. Gates, McDonald & Co*.) On negligent misrepresentation, the Brokerage Agreement signed by Plaintiff provides that the Broker had "no duty to inspect the Property" (Ex. B, § C.3(b)) and that Plaintiff would "inspect and become familiar with" the property (Ex. B, § C.2(d)); on these facts Plaintiff cannot plead justifiable

reliance on the brokerage as to the property's condition. Furthermore, none of the averments cited by Plaintiff in the brief relating to condition allege that Moving Defendants knew of any issues in the property. (DOC. 172 p. 7) The claims fail as a result.

**4. Breach of Contract (Count Nine).**

The Brokerage Agreement defines the Broker's "sole duties" narrowly. (Ex. B, § C.1.) The conduct Plaintiff alleges does not breach those enumerated duties, and her reliance on § C.1's general reference to compliance with law cannot manufacture a breach when the agreement's specific terms foreclose it. Furthermore, Plaintiffs' brief discusses alleged breaches concerning disclosures and responsibilities under BRETTA; however, no such claims were plead in the SAC. (SAC ¶ 130(c).)

**5. Section 1981 and Civil Conspiracy (Counts Thirteen and Eleven).**

A § 1981 claim requires intentional racial discrimination that was the but-for cause of a contractual injury. (*Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*; *Ziyadat v. Diamondrock Hosp. Co.*) Plaintiff's "all-Caucasian network" inference does not plausibly allege but-for causation, and she concedes she has made no comparator allegations which must be plead to raise the required inference. (*Henderson v. JP Morgan Chase Bank, N.A.*;

*Watts v. Joggers Run Prop. Owners Ass'n, Inc.*, 133 F.4th 1032 (11th Cir. 2025)) Civil conspiracy is derivative and fails with the underlying torts.

**VI. The SAC Remains an Impermissible Shotgun Pleading.**

The Court already directed Plaintiff to plead "the who, what, when, where, and how of each Defendant's role." (Doc. 145.) The SAC still proceeds by collective accusation against groups of "Defendants," and the only conduct particular to the VanderMorgan Defendants is Schroder's, a non-party whose acts are not imputed to them. The Eleventh Circuit condemns complaints that fail to give each defendant notice of the claims against it. (*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313 (11th Cir. 2015)) That defect persists here.

**VII. Dismissal Should Be with Prejudice.**

The SAC is Plaintiff's third pleading, filed after the Court identified precise defects and afforded a specific opportunity to cure it. Where a court has explained a pleading's defects and the plaintiff fails to cure, dismissal with prejudice is warranted. (*Barmapov v. Amuial*, 986 F.3d 1321 (11th Cir. 2021)) Beyond the pleading defects, the core problems cannot be cured by amendment: Schroder's acts are not imputable to the VanderMorgan Defendants as a matter of law, the RESPA claim is time-barred, and Plaintiff

has abandoned her fiduciary theory. Further amendment as to these claims would be futile.

## CONCLUSION

For the foregoing reasons and those in the Motion to Dismiss, the VanderMorgan Defendants respectfully request that the Court dismiss the Second Amended Complaint against VanderMorgan Realty, LLC and Justin Bolin with prejudice, and grant such further relief as is just and proper.

Respectfully submitted this 7th day of October 2026.

WEISSMAN PC

/s/ D. Andrew Folkner
D. Andrew Folkner
State Bar of Georgia No. 695599
Attorneys for Defendants
VanderMorgan Realty, LLC and
Justin Bolin

One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, Georgia 30326
(404) 926-4500
**andrewf@weissman.law**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | |
|---|---|
| NIKKI M. HARPER,<br><br>Plaintiff,<br><br>v.<br><br>BARRETT FINANCIAL GROUP, LLC; TINA THORNTON; UNITED WHOLESALE MORTGAGE; MR. COOPER LOANS / NATIONSTAR MORTGAGE; LAKEVIEW LOAN SERVICING; MARY YELTON REALTY, LLC d/b/a BOSWELL REALTY; MAX BOSWELL; ANNE MARIE KYZER; VANDERMORGAN REALTY; JUSTIN BOLIN; FINDLAY, EDENFIELD & GREEN, LLC; MARK GREEN; DANIELLE NEEF; ALL STAR HOME INSPECTIONS, LLC; CHUCK TOLBERT; KRIS HARDY d/b/a HARDY APPRAISALS; STEVEN SIKES; and KATHERINE NIX FRENCH,<br><br>Defendants. | CIVIL ACTION<br><br>FILE NO. 1:25-cv-00203-JRH |

**CERTIFICATE OF SERVICE**

I certify that the foregoing DEFENDANTS VANDERMORGAN REALTY, LLC'S AND JUSTIN BOLIN'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT was electronically filed on October 7, 2026, with the Clerk of Court using the CM/ECF system and upon Plaintiff via the United States Postal Service as follows:

Nikki Harper
1529 Pinebrook Court, Apt A2
Greenville, NC 27858
*Plaintiff Pro Se*

Respectfully submitted this 7th day of October, 2026.

WEISSMAN PC

/s/ D. Andrew Folkner
D. Andrew Folkner
State Bar of Georgia No. 695599
Attorneys for Defendants
VanderMorgan Realty, LLC and
Justin Bolin

One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, Georgia 30326
(404) 926-4500
andrewf@weissman.law